In the Matter of the Adoption of MALE M. ROSALIE A. et al., Appellants; DIANE M., Respondent. In the Matter of DIANE M., Respondent, v ROSALIE A. et al., Appellants.—In two proceedings, the first of which is an adoption proceeding in which the natural mother seeks to revoke her consent, and the second of which involves the natural mother's attempt to obtain custody of the infant, the appeals are by Rosalie and Vincent A., the proposed adoptive parents, from (1) an order of the Family Court, Kings County, dated December 27, 1979, which denied the petition to adopt and (2) an order of the same court, dated February 1, 1980, which ordered custody of the infant transferred to the natural mother, subject to the order of this court (Jan. 18, 1980) that stayed physical transfer of the child pending an appeal from the prior order of the Family Court dated December 27, 1979. Orders affirmed, without costs or disbursements. The natural mother's attempt to revoke her consent to the adoption of her infant born on December 30, 1978, confronts us with the problem that legislation enacted in 1972, following the decision in *People ex rel. Scarpetta v Spence-Chapin Adoption Serv.* (28 NY2d 185), viz., section 115-b of the Domestic Relations Law, was designed to avoid. Unfortunately, despite the fact that the prospective adoptive father is an attorney and that he engaged a "brother attorney" to assist him, neither utilized the provisions of the statute so as to achieve irrevocability of the consent as therein provided. The requirements of section 115-b of the Domestic Relations Law were not met in that the natural mother was not given a copy of the consent, and she did not acknowledge the consent before a Judge or Surrogate of the court in which the adoption proceeding was pending, nor did the consent state that it was irrevocable unless written notice was received within 30 days of the commencement of an adoption proceeding. The statute then provides that even if revocation is received, the court will determine whether it shall be given effect on the basis of the best interests of the child (Domestic Relations Law, § 115-b). The statute is inapplicable here. Common-law principles therefore apply to the question of whether the revocation shall be given effect. The revocation was filed with the court some four months after the natural mother acknowledged the consent form before the attorney acting for the adoptive parents. Although the adoptive parents did not participate in any deception to induce the consent, the record establishes that the natural mother believed, at the time she executed the consent, and when her signature was later acknowledged, that a nun in whom she had trust and confidence had recommended the prospective adoptive parents and that the prospective parents resided in Westchester County. (The natural mother did not want the adoptive parents to live nearby.) She was given this information by a long standing friend. In fact, as that friend testified, and as the natural mother learned when she decided to revoke her consent, these were lies. The nun had made no recommendation about the couple, and the couple lived in the same borough as the natural mother. Although the friend had only been motivated by a desire to assist her, nonetheless, it is not at all certain that without the lies she would have given her consent. The record also establishes that when the natural mother signed the consent the adoptive parents' attorney told her that the papers were "preliminary papers" and that sometime after six months had passed she would have to go before a Judge and sign a new set of papers. It is entirely

reasonable for a nonlawyer to assume that "preliminary" not only means nonfinal as to the adoption but that the lack of finality implies, as well, the right to change one's mind. The natural mother may not have been told by the attorney that her consent was revocable but neither was she told that the consent was irrevocable. Her impression that she had six months within which to change her mind, as she testified, is entirely credible. On that state of the record with respect to the consent, it was incumbent on the adoptive parents to establish that the natural mother was not fit to raise her child (see *People ex rel. Scarpetta v Spence-Chapin Adoption Serv.,* 28 NY2d 185, *supra; Matter of Anonymous,* 41 AD2d 961, affd 33 NY2d 541; cf. *Matter of Sanjivini K.,* 47 NY2d 374). They declined to attempt to do this at the proceeding brought by the natural mother to obtain custody of her child, which followed the hearing on the consent. There is nothing on the record that establishes that the 25-year-old natural mother, a registered nurse, is unfit to raise her child. The infant should be returned to her custody forthwith. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.