■ In the Matter of the Adoption of BABY BOY B. JANICE HH., Appellant; ADOPTIVE PARENTS, Respondents.—Casey, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered March 2, 1990, which denied petitioner's application to rescind the extrajudicial consent to an adoption of her child.

The day after petitioner gave birth to a baby boy, she signed an extrajudicial consent form consenting to the adoption of the child. Pursuant to Domestic Relations Law § 115-b, petitioner's consent became irrevocable 45 days later in the absence of the statutorily required written revocation. Some 56 days after executing the consent form, petitioner commenced this proceeding to rescind the consent on the ground that she had been misled by her attorney as to the nature of the document and would not have signed it had she known that she was actually consenting to the adoption of the child. After a hearing on the factual issues raised by petitioner, Family Court denied the application to rescind the consent and this appeal ensued.

In order to prevail, petitioner was required to show that "the consent was signed under compulsion or threat, or against one's free will, or based upon fraudulent statements" *(Matter of Sarah K.,* 66 NY2d 223, 242, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108). Restricting the grounds for rescission of an otherwise irrevocable consent promotes the interests of all parties. As the Court of Appeals explained in *Matter of Sarah K. (supra,* at 233): "A parent's consent to the release of a child for adoption has consequence in the law, and cannot invariably be undone at will. The law recognizes that consent implicates not only the very fundamental interests of birth parents, whose decision initiates the process, but also the child's substantial interests in a stable, continuous home environment, and those of third parties, the adoptive parents, who but for the consent would not have become involved."

Accordingly, we reject petitioner's claim that respondents bore the burden of proving that petitioner knew and under-

stood the form's content. As we explained in *People ex rel. Anonymous v Anonymous* (139 AD2d 189, 193), Domestic Relations Law § 115-b provides the safeguards specified by the Legislature to insure voluntariness and knowing consent. Since the consent form herein complies with the statutory requirements and since petitioner executed that form, there is no need for further inquiry into that issue. Neither mistake as to the meaning of the form nor failure to read the form before signing it constitutes a valid ground for vitiating the consent *(see, Matter of Sarah K., supra,* at 241). Rather, petitioner was required to establish fraud, duress or coercion in the execution or inducement of the consent *(see,* Domestic Relations Law § 115-b [7]).

At the hearing, petitioner, a college student, testified that she believed she was agreeing to a temporary guardianship of the child and would have to appear in court to give her actual consent to adoption. She testified that she did not read the form before signing it and that she relied, instead, upon her attorney's explanation. According to petitioner, the attorney never told her that she was signing an irrevocable consent or that she had only 45 days within which to revoke the consent. She did concede, however, that something was said about a 45-day period, but she thought the attorney would contact her at the end of the 45-day period to see if she wanted to go ahead with the adoption. Petitioner also testified that the attorney did not leave a copy of the executed consent form with her.

The attorney's testimony presents a version of events which conflicts with petitioner's testimony on a number of significant points. For example, the attorney testified that although he did not read the consent form to petitioner, he did review each of its provisions with her, and explained their meaning including the requirement that she could only revoke her consent within 45 days. He conceded that he did not detail the actual steps she would have to take to revoke the consent, but explained that he did not do so because she never expressed any reservations about going ahead ·with the adoption as originally planned. He also conceded that he did not leave a copy of the consent form with petitioner, which was contrary to his usual practice. He testified that he brought copies with him, but that petitioner told him she did not want them.

In finding that petitioner's execution of the consent was not a product of any fraud, Family Court clearly resolved the credibility issue created by the conflicting testimony in favor of respondents, and we see no basis for disturbing Family Court's ruling. Having reviewed the record in its entirety, we

find ample support for Family Court's finding that there were no grounds for vitiating petitioner's consent to the adoption.

Petitioner also challenges several rulings by Family Court prior to and during the trial. Petitioner's sister testified as to certain events which occurred after petitioner learned of her pregnancy and before the birth of the child. In particular, she testified about a meeting with petitioner's attorney she attended with petitioner. She made notes during the meeting, and petitioner sought to introduce those notes at trial. Since the notes were used to refresh the recollection of the witness, and not as past recollection recorded, the notes were properly excluded as inadmissible hearsay (see, Richardson, Evidence §§ 465, 466, 469, at 453-457, 460-461 [Prince 10th ed]). Petitioner also objects to the limited scope of disclosure permitted by Family Court as to the contents of the adoption file, but since the material sought by petitioner was not relevant to the issue of fraud in petitioner's execution of the consent, we see no error.

Petitioner's final contention is that the person with whom she discussed the possibility of adoption when she first learned of her pregnancy engaged in the "placing out" of the child in violation of Social Services Law §§ 371 and 374. Thus, according to petitioner, the adoption proceeding is void and the child must be returned to her. Since the question of whether there was a "placing out" of the child is not relevant to the validity of petitioner's consent, we reject this argument (see, Matter of Baby Girl B., 144 Misc 2d 583, 587).

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.