OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
On the extraordinary facts of this case, we cannot agree with appellants (the potential adoptive parents) that an extrajudicial adoption consent executed by respondent birth mother but promptly canceled by her set in motion the revocation mechanism of Domestic Relations Law § 115-b.
As respondent urges, it would be absurd to conclude that every consent that is privately signed and immediately withdrawn by a birth parent nonetheless triggers the formal revocation mechanism that puts a birth parent on equal footing with a potential adoptive parent. Indeed, the several provisions of the Domestic Relations Law referring to the adoptive parents and to the court in which the adoption proceeding has been or is to be commenced, plainly contemplate that there be some overt manifestation to a third person for an extrajudicial consent to be operative. While such consents surely must be scrupulously weighed by birth parents before they are executed, a document that is immediately nullified may not implicate the protected interests of others under the statute.
*1049 The record before us presents such a circumstance. Respondent nullified her private consent by promptly notifying her attorney of her intention to keep her child. We emphasize that, contrary to appellants’ argument, our analysis adds no requirement of delivery of the consent document, or any other requirement to the statute.
This result makes it unnecessary for us to consider whether respondent’s consent was void ab initia for lack of independent counsel, or whether appellants’ own acknowledged failure to comply with statutory requirements would constitute grounds for dismissing the adoption petition.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacos a concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.