■ In the Matter of RICARDO N. SHARON N., Appellant; ANONYMOUS et al., Respondents. [600 NYS2d 730] —In an adoption proceeding in which the natural mother moved to set aside her judicial consent to the adoption, the natural mother appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 27, 1992, which, after a hearing, denied her application.

Ordered that the order is affirmed, without costs or disbursements.

Eleven days following the birth of her son, the mother and her cousin appeared in Surrogate's Court, at which time the mother simultaneously executed an extrajudicial consent and a judicial consent to adoption with an accompanying affidavit. The extrajudicial consent stated that the mother could submit a written revocation of her consent to the adoption within 45 days, while the judicial consent stated that her consent became irrevocable when executed or acknowledged before the Surrogate. The affidavit stated, in part, that "I have full knowledge and understanding as to the nature of this proceeding and fully realize that I will finally lose all legal rights in and to the said minor as soon as this document and accompanying papers are signed before the Judge". In addition, the Surrogate interviewed the mother, and specifically asked her, "Do you realize that, after your appearance before me this day, you will have nothing further to say in regard to the child", to which the mother answered, "Yes".

Thereafter, within the revocation period provided by the extrajudicial consent, the mother commenced this proceeding, arguing, *inter alia,* that the consent hearing did not meet the procedural requirements of Domestic Relations Law § 115-b (2) because the Surrogate's Court did not affirmatively disclose that by virtue of her execution of the judicial consent, she did not enjoy the 45-day revocation period set forth in the extrajudicial consent and Domestic Relations Law § 115-b (3) (a). The mother further claimed that vacatur was required under Domestic Relations Law § 115-b (7) on the ground that she proved "fraud * * * in the execution or inducement" of the consent.

We find that the requirements of Domestic Relations Law § 115-b (2) were met in this case. The record establishes that the Surrogate's Court informed the mother, who was repre-

sented by counsel, of the consequences of her execution of the judicial consent. Based upon the interview with the mother as well as the affidavit she executed at that time, the Surrogate's Court properly determined that her consent was given knowingly and voluntarily, and with the knowledge that it was final and irrevocable. Therefore, the mother's alleged misunderstanding regarding the effect of the judicial consent does not require its vacatur (see, Matter of Sarah K., 66 NY2d 223, cert denied sub nom. Kosher v Stamatis, 475 US 1108; Matter of Baby Boy B., 163 AD2d 673).

We further find that the mother failed to establish that her consent was signed "under compulsion or threat, or against [her] free will, or based upon fraudulent statements" (Matter of Sarah K., supra, at 242). The mother provided no evidence that anyone, including the adoptive parents, their attorney, or her own attorney, ever told her or misled her to believe that following the execution of the judicial consent before the Surrogate, she could revoke her consent to the adoption within 45 days. Sullivan, J. P., Balletta, Ritter and Pizzuto, JJ., concur.