[636 NYS2d 134]

In the Matter of GUILIO DE FILIPPIS, Appellant, v DAWN KIRCH-NER, Respondent.

Third Department, December 28, 1995

APPEARANCES OF COUNSEL

*David M. Gold,* South Fallsburg, for appellant.
*Kevin T. McDermott,* Goshen, for respondent.

## OPINION OF THE COURT

WHITE, J.

The parties are the unmarried parents of a daughter born in May 1991. In May 1992, petitioner signed an extrajudicial consent to a private placement adoption drafted by his attorney, and, in May 1994, petitioner commenced the present action for visitation. In the interim respondent has married and she and her spouse have filed for adoption in Family Court.

After petitioner commenced this proceeding, respondent moved to dismiss the petition predicated on the fact that petitioner had executed the consent to a private placement adoption (Domestic Relations Law § 115-b [3]). Family Court, finding the consent to be valid and unrevoked, granted the motion on the ground that petitioner lacked standing to seek visitation. This appeal ensued.

Domestic Relations Law § 115-b (4) (a) provides that an extrajudicial consent must contain certain information set forth "in conspicuous print of at least eighteen point type", advising the natural parents of their rights and obligations

under the statute, as well as the legal consequences of the consent. The failure to comply with this statutory directive does not necessarily invalidate a consent since public policy supports the validity of an adoption consent when the statutory requirements are fulfilled (*see, People ex rel. Anonymous v Anonymous*, 139 AD2d 189, 195). Thus, where an extrajudicial consent failed to advise the natural parents of the consequence of a timely revocation of their consent, the Court of Appeals noted that they would have no standing to complain about the omission if they were otherwise fully informed of the consequences (*Matter of Sarah K.*, 66 NY2d 223, 240, *cert denied sub nom. Kosher v Stamatis*, 475 US 1108).

■ Although the consent petitioner signed contains all of the required statutory information, petitioner contends that it is invalid as it is undisputed that the information was not set forth in 18-point type. We agree with Family Court that this deviation from the statute did not invalidate the consent since, given the fact the consent was drawn by petitioner's attorney and petitioner acknowledged that the terms of Domestic Relations Law § 115-b were explained to him to his satisfaction by his attorney, the record indicates that petitioner was fully informed of his rights and obligations under the statute, together with the consequences of his consent.

■ Petitioner further argues that his consent is invalid because it was not made in contemplation of an actual adoption. Our consideration of this argument is framed by the maxim that, since adoption is entirely statutory and in derogation of the common law, the adoption statute must be strictly construed in accordance with the statutory language as well as the legislative purpose (*see, Matter of Jacob*, 86 NY2d 651, 657-658; *Matter of Robert Paul P.*, 63 NY2d 233, 238). Inasmuch as Domestic Relations Law § 115-b does not state at what point a consent must be executed, we must determine whether petitioner's argument is in accord with the legislative purpose.

The Legislature enacted Domestic Relations Law § 115-b to provide a legal framework within which future adoptions can be undertaken with reasonable guarantees of permanence and with the humane regard for the rights of the child, the biological parents and the adoptive parents (*see, Matter of Sarah K., supra*, at 234). In *People ex rel. Anonymous v Anonymous* (139 AD2d 189, *supra*), we determined that a prebirth consent was invalid as it was inconsistent with the legislative objectives of protecting the natural parent from improvidence or overreaching and insuring that a consent is a product of a fully deliberate act (*supra*, at 193).

In contrast, an extrajudicial postbirth consent not made in contemplation of an actual adoption does not contravene these legislative objectives since there is nothing inherent in such a procedure which curtails the natural parent's right to make an informed, well-considered decision to terminate parental rights in an atmosphere free from undue influence or pressure. Accordingly, we reject petitioner's argument on this issue.

■ We also reject his contention that respondent should be estopped from relying on the consent since there is no probative evidence in the record that respondent, during the applicable 45-day period, by word or deed induced petitioner not to revoke his consent (*see, Matter of James BB. v Debora AA.*, 202 AD2d 852, 853).

Therefore, because the unrevoked, unconditional consent effectively terminated petitioner's parental rights (*see, Matter of Jacob*, 86 NY2d 651, 664, *supra*), we affirm Family Court's determination that petitioner lacked standing to maintain this proceeding (*see, Matter of Lisa W. v Thomas M.*, 159 Misc 2d 359).

MIKOLL, J. P., CREW III, YESAWICH JR. and PETERS, JJ., concur.

Ordered that the order is affirmed, without costs.