■ In the Matter of CHAYA S., Also Known as CHAYA M. A., Appellant, v FREDERICK HERBERT L. et al., Respondents. [647 NYS2d 284] —In a proceeding, *inter alia,* to vacate a private placement adoption, the biological mother Chaya S. appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Queens County (Nahman, S.), dated April 8, 1994, as, after a nonjury trial, (1) dismissed the proceeding, (2) denied her application for pendente lite "sibling visitation", and (3) directed her to pay the respondents costs pursuant to SCPA 2302.

Ordered that the order is reversed insofar as appealed from, on the facts, the first through fourth decretal paragraphs are vacated, (1) the petition is granted, the appellant's judicial consent to the adoption is vacated, it is declared that the adoption is void, and the adoptive parents are directed to return the child to the biological mother, (2) the biological mother's

application for "sibling visitation" is dismissed as academic, and (3) the parties are directed to each bear their own costs in the proceeding to vacate; and it is further,

Ordered that the transfer of custody of the child to the biological mother is stayed until 30 days after the date of this decision and order; and it is further,

Ordered that the appellant is awarded one bill of costs.

In this proceeding challenging a private placement adoption by the biological mother's parents, the biological mother Chaya S. claims that her "judicial consent" to the adoption, executed pursuant to Domestic Relations Law § 115-b, should be vacated because the Surrogate failed to advise her of her right to counsel of her own choosing (see, Domestic Relations Law § 115-b [2] [b]). We agree. Under the facts of this case, where all of the parties to the adoption were immediate family members and the biological mother was not represented by counsel, the failure to strictly comply with Domestic Relations Law § 115-b warrants the setting aside of the biological mother's consent and declaring the adoption void (see, People ex rel. Anonymous v Anonymous, 139 AD2d 189; cf., Matter of Ricardo N., 195 AD2d 559).

The Surrogate's finding that the biological mother was represented by an attorney is contrary to the weight of the credible evidence. The attorney in question was, in fact, attorney of record for the adoptive parents in the adoption proceeding, and the minutes of the biological mother's judicial consent, and the order granting the adoption, so state. That attorney's name is listed on the petition for adoption as attorney for the adoptive parents, she submitted an affidavit in the adoption proceeding stating under oath that she was retained by the adoptive parents, and the adoptive parents submitted an affidavit in the adoption proceeding that she represented them. The adoptive parents paid her fee. Further, that attorney testified at the trial on the instant application that she represented the adoptive parents, and not the biological mother, in the adoption proceeding. Upon the evidence in the record, we find that the biological mother was not represented by counsel.

It is our view that the unusual facts of this case present issues concerning an appropriate award of custody and visitation based on the best interests of the child (see, Matter of Bennett v Jeffreys, 40 NY2d 543; Matter of Benson v Jordan, 184 AD2d 1080; see also, Matter of Emanuel S. v Joseph E., 78 NY2d 178). Accordingly, we stay transfer of custody of the child to the biological mother until 30 days after the date of this decision and order, to give the former adoptive parents,

who are the child's grandparents, an opportunity to commence a proceeding in the Family Court, Queens County, to determine those issues, if they be so advised.

In light of our determination, we need not reach the parties' remaining contentions. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.