■ In the Matter of GARY L. SPOONER, JR., Appellant, v ANNA SPOONER, Respondent. (And Another Related Proceeding.) [664 NYS2d 177] —Peters, J. Appeal from an order of the Family Court of Essex County (Halloran, J.), entered July 19, 1996, which, *inter alia,* dismissed an application by petitioner Gary L. Spooner, Jr., in a proceeding pursuant to Family Court Act article 6, to modify the custody provisions of the parties' divorce decree.

During their marriage, petitioner Gary L. Spooner, Jr. (here-

inafter the father) and respondent Anna Spooner (hereinafter the mother) had one daughter born in 1989. Upon their divorce in 1991, custody of the child was awarded to the mother and the father's obligation to pay child support was terminated pursuant to an extrajudicial consent in which the father agreed to relinquish his parental rights and allow the child to be adopted (see, Domestic Relations Law § 115-b).

Shortly after the father's execution of this consent but prior to the parties' divorce, the mother was incarcerated. In March 1991, she executed a special power of attorney to petitioner Patricia McCray and her husband, the child's maternal grandparents, with respect to the care and custody of the child. The child has resided with McCray since then and it appears that no adoption proceedings have ever been commenced.

In 1995, the father initiated a proceeding (hereinafter proceeding No. 1) to modify the judgment of divorce and to obtain custody of the child. McCray moved to dismiss the petition and commenced a separate proceeding (hereinafter proceeding No. 2) seeking custody and/or visitation. Family Court denied the father's petition in proceeding No. 1, finding that he had relinquished his right to modify the judgment of divorce to seek custody by his execution of the extrajudicial consent.* The father now appeals, as limited by his brief, from the dismissal of his petition in proceeding No. 1.

We affirm. While we find the extrajudicial consent signed by the father in 1991 to be invalid due to its failure to state the court where the adoption proceeding was to be brought (see, Domestic Relations Law § 115-b [4] [a] [i]; Matter of Benson v Jordan, 184 AD2d 1080, 1081, lv dismissed 80 NY2d 924), we nevertheless agree with that portion of Family Court's order which found that the father is now estopped from attempting to seek custody of this child.

In 1991, represented by counsel, the father executed the extrajudicial consent with the clear understanding that his failure to revoke it within 45 days would result in a forfeiture of his right to maintain any proceeding for custody (see, Domestic Relations Law § 115-b [3] [a]). He never sought to revoke it within the statutory period or during any time thereafter. Moreover, the judgment of divorce, signed four months after the extrajudicial consent, details that he agreed to execute the consent in exchange for termination of his obligation to pay child support. He again manifested his belief that the consent was valid in 1992 when he asserted that, despite his daughter's

---

* The court also struck the father as a party in proceeding No. 2.

receipt of public assistance, he could not be adjudged financially responsible for her because the judgment of divorce specifically provided that it "terminat[ed] any obligation of * * * [his] to pay child support as of the date the adoption consent was signed". Finally, in the years following the divorce, the record makes it clear that the father took no steps to establish any relationship with the child, although he was well aware that her custody had been temporarily given to McCray and that no actual adoption took place. With such " 'overt manifestation[s] to * * * third person[s]' " (*Matter of Jarrett,* 224 AD2d 1029, 1031, *lv dismissed* 88 NY2d 960, quoting *Matter of Samuel,* 78 NY2d 1047, 1048) of conduct evincing, at all times since execution, his intent that the consent be valid, we agree that the father is now estopped from contesting its validity in the context of this custody proceeding (*see, Matter of De Filippis v Kirchner,* 217 AD2d 145, 148).

For these reasons, we affirm the order of Family Court.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.