■ In the Matter of CHAYA S., Also Known as CHAYA M. A., Appellant, v FREDERICK HERBERT L. et al., Respondents. [668 NYS2d 905] —In a proceeding, *inter alia*, to vacate a private placement adoption, the biological mother Chaya S. appeals, as limited by her brief, from stated portions of an order of the Surrogate's Court, Queens County (Nahman S.), dated April 8, 1994, which, *inter alia*, after a nonjury trial (1) dismissed the proceeding, (2) denied her application for visitation, and (3) directed her to pay the respondents' costs pursuant to SCPA 2302. By decision and order dated September 16, 1996, this Court, *inter alia*, reversed the order insofar as appealed from and granted the petition to vacate the biological mother's consent to the adoption (*see, Matter of Chaya S. v Frederick Herbert L.*, 231 AD2d 574, *revd* 90 NY2d 389). On June 12, 1997, the Court of Appeals reversed the order of this Court, held that the failure of the Surrogate to inform the appellant that she was entitled to counsel of her own .choice did not invalidate her consent, and remitted the matter to this Court for consideration of those issues raised but not considered on appeal or dismissed as academic (*see, Matter of Chaya S. v Frederick Herbert L.*, 90 NY2d 389, *supra*).

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements; and it is further,

Ordered that the parties are directed to each bear their own costs in the proceeding to vacate the adoption; and it is further,

Ordered that the matter is remitted to the Surrogate's Court, Queens County, for further proceedings consistent herewith, including (1) a determination on the merits, with all deliberate speed, of the petitioner's applications for visitation, (2) a reopening of the trial so to complete the testimony of Rabbi Jay Goldberg, and (3) the making of new findings of fact and a new determination on the petition to vacate the adoption, based upon the expanded record.

We agree with the biological mother's contention that the adoptive parents waived their clergy-penitent privilege concerning certain conversations they allegedly had with Rabbi Jay Goldberg which would be relevant to the biological mother's claim of fraud (*see, Drimmer v Appleton*, 628 F Supp 1249; *McDonough v Pinsley*, 239 AD2d 109; *Clark-Fitzpatrick, Inc. v*

*Long Is. R. R. Co.*, 162 AD2d 577; *Jacobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835; *Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co.*, 94 AD2d 617). Under the circumstances of this case, the matter must be remitted to the Surrogate's Court, Queens County, and the trial reopened for the taking of further testimony by Rabbi Goldberg, and for the Surrogate to make new findings of fact and a new determination based upon the expanded record. In determining whether the petitioner's consent was induced by fraud, the Surrogate should consider her claims that her counsel was ineffective and affected by a conflict of interest, allowing her to be deceived.

The appellant's contention that the Surrogate erred when he limited the evidence of fraud in the inducement to events which occurred prior to the adoption becoming final is without merit (*see, Taub v Sylvan Farms*, 269 App Div 860).

We further note that the Surrogate's Court has jurisdiction to determine visitation issues. Those issues should be determined on the merits with all deliberate speed (*see, Matter of Abraham L.*, 53 AD2d 669).

Under the circumstances of this case, we deem it appropriate that the parties bear their own costs. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.