■ In the Matter of CHAYA S., Also Known as CHAYA M. A., et al., Appellants, v FREDERICK HERBERT L. et al., Respondents. [685 NYS2d 107] —In a proceeding, *inter alia,* to vacate a private placement intrafamily adoption, the appeal is from a decree of the Surrogate's Court, Queens County (Nahman, S.), dated July 1, 1998, which (1) denied the petition and (2) failed to comply with the prior directive of this Court to decide the application of Chaya S., a/k/a Chaya M. A. for visitation by Chaya S., a/k/a Chaya M. A. with the child, based on her status as biological mother (*see, Matter of Chaya S. v Frederick Herbert L.,* 246 AD2d 658).

Ordered that the decree is affirmed, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Queens County, for a hearing to be held with all convenient speed and thereafter a determination on the merits of the application of the petitioner Chaya S., a/k/a Chaya M. A.,

for visitation with the child, based upon her status as biological mother; and it is further,

Ordered that that determination shall be rendered within 45 days of the date of this decision and order.

In this proceeding, *inter alia*, to vacate an intrafamily adoption, the child's biological parents allege that the biological mother's judicial consent to the adoption of the now 12 year-old child by the child's maternal grandparents was fraudulently induced (*see*, Domestic Relations Law § 115-b [7]; *Matter of Ricky AA.*, 146 AD2d 433, *affd* 75 NY2d 885). However, the Surrogate's Court resolved credibility issues against the biological mother, and we find no basis for disturbing the Surrogate's Court's determination.

We note that the Surrogate failed to rule on the application by Chaya S., a/k/a Chaya M. A. (hereinafter Chaya S.), for visitation with the child based upon her status as biological mother, although directed to do so by this Court (*see, Matter of Chaya S. v Frederick Herbert L.*, 246 AD2d 658, *supra*). Chaya S. has standing to seek visitation in her status as biological mother (*see, Matter of Alison D. v Virginia M.*, 77 NY2d 651, 656; *Matter of Ann M. C. v Orange County Dept. of Social Servs.*, 250 AD2d 190; *see also, Matter of Jacob*, 86 NY2d 651, 665), with the predominant concern being the best interests of the child (*see, Matter of Ann M. C. v Orange County Dept. of Social Servs., supra*).

Accordingly, the matter is remitted to the Surrogate's Court, Queens County, for a hearing on the best interests of the child to be held with all convenient speed and thereafter a determination on visitation.

The appellants' remaining contentions are without merit. S. Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.