OPINION OF THE COURT
Lee L. Holzman, J.
In this private placement adoption proceeding, the petitioners seek the adoption of a child born on December 24, 1990. The petitioners contended that the consent of the birth mother of the infant to the granting of the application should be dispensed with on the grounds of abandonment (Domestic Re *392 lations Law § 111 [2] [a]). The respondent controverted the allegations of abandonment.
When the matter appeared on the calendar on the hearing date, after the taking of testimony and lengthy conferences with the court, the parties entered into a stipulation on the record pursuant to which they agreed that the birth mother would execute a judicial consent to the adoption of the infant by the petitioners and that the respondent would be allowed to visit with the infant in accordance with the terms of the stipulation. Specifically, the parties agreed that monthly visits between the birth mother and the infant would take place at the home of the adoptive parents and that the child would meet with his biological siblings outside of the petitioners’ home only if he so desired. Moreover, the parties expressly reiterated in writing in the judicial consent and orally on the record that the visitation allowed to the respondent in no way rendered the adoption a conditional adoption, that the respondent’s consent to the adoption was absolute and irrevocable, that it could not be withdrawn in the event that the petitioners failed to comply with the stipulation with regard to visitation, and that the birth mother’s rights, if any, pursuant to the stipulation, would be limited to seeking to enforce in the appropriate forum the provisions of the agreement with regard to visitation with the infant.
In this area of private placement adoptions, the courts are compelled to grapple with the absence of controlling statutory authority on the issue of conditional consents by the biological parents. In Matter of Gregory B. v Gregory F. (74 NY2d 77), the Court of Appeals lamented the absence of legislative authority for so-called “open” adoptions in which the court could supplement an order of adoption with a provision directing that the adoptive child have continuing contact and visitation with members of his biological family (see, Matter of Anthony, 113 Misc 2d 26). In Matter of Alexandra C. (157 Misc 2d 262), the court construed Social Services Law § 383-c to accord the biological parent of an adoptive child standing to petition the court for continuing contact with the child after the adoption where such privilege was explicitly reserved in the surrender. Although the record in that case indicated that the surrender was conditioned upon the reservation of visitation rights, the court was willing to accept the conditional surrender on the clear understanding that the right of visitation was always subject to the best interests of the child. Specifically, the court pointed out that it had advised the parties that, in accepting *393 the surrender, the reservation of visitation rights “does not convey an automatic right to visitation, but confers standing on the biological parent’s part to seek such visitation as in the child’s best interests” (Matter of Alexandra C., supra, at 270). Furthermore, in Matter of Chaya S. v Frederick Herbert L. (259 AD2d 620) the Court specifically upheld the right of a biological mother who consented to a private placement adoption to seek visitation rights with the infant in her status as biological mother as long as the overriding standard in enforcing such rights is the best interests of the child (see also, Matter of Alison D. v Virginia M., 77 NY2d 651; Matter of Ann M. C. v Orange County Dept. of Social Servs., 250 AD2d 190, lv dismissed 93 NY2d 957).
Even though Matter of Alexandra C. (supra) differed from the instant case in that it involved an agency adoption, and notwithstanding that the reservation of visitation rights in a private placement adoption is not explicitly authorized by Domestic Relations Law § 117, the court finds that the spirit of the Matter of Alexandra C. holding and the implicit approval in Matter of Chaya S. (supra) of granting private placement adoptions while retaining the visitation rights of biological parents, support the approval of the instant stipulation. Although the statutory scheme is silent with regard to private placement adoptions which reserve visitation rights for biological parents, there is no prohibition. There does not appear to be any public policy reason to prohibit consents containing visitation rights for birth parents in those cases where both the adoptive and birth parents are agreeable to the visitation rights provided that the visits are not harmful to the child. In so holding, the court emphasizes that it would have grave reservations if the validity and permanence of the adoption were to be in any way affected by the agreement between the parties nor would it appear to be in the best interests of the infant to sanction a situation in which the infant was caught between the conflicting claim of parties asserting the status of his lawful parent. In accepting the stipulation of the parties in the instant matter, in addition to the conditions enumerated above, the court explicitly apprised the parties on the record that, as in Matter of Alexandra C. (supra), any right that the biological mother might have to seek visitation based upon the parties’ stipulation would be subject to the best interests of the infant.
Upon the basis of all of the foregoing, the court accepted the judicial surrender executed by the biological mother.