ˋ ■ In the Matter of GABRIELA, an Infant. JIMMY G. et al., Respondents; BRIAN B. et al., Appellants. [709 NYS2d 787] —Order unanimously affirmed without costs. Memorandum: This proceeding for the adoption of the infant Gabriela was commenced by petitioners, the prospective adoptive parents, based on extrajudicial consents executed by respondents, the birth parents, one week after the child's birth. Respondents appeal from an order determining that, although the consents are valid and comply with Domestic Relations Law § 115-b, they were timely and validly revoked by respondents, thus necessitating a hearing to determine the best interests of the child. Respondents contend that petitioners' failure to provide them with copies of the extrajudicial consents, as required by Domestic Relations Law § 115-b (4) (c), renders the consents invalid, thus terminating the adoption proceeding and mandating the return of the child to respondents without further proceedings.

Not every violation of Domestic Relations Law § 115-b will necessarily invalidate a consent (*see, Matter of De Filippis v Kirchner,* 217 AD2d 145, 147). The cases require only "substantial compliance," rather than strict or technical compliance, with the statute, although they do not always use those precise terms (*see, Matter of Baby Boy,* 175 Misc 2d 7, 14, *affd* 252 AD2d 971 *for reasons stated; Matter of De Filippis v Kirchner, supra,* at 147; *Matter of Baby Boy B.,* 163 AD2d 673, 674, *lv denied* 76 NY2d 710; *see also, Matter of Chaya S. v Frederick Herbert L.,* 90 NY2d 389, 397-398, *rearg denied* 90 NY2d 936 [excusing technical noncompliance with requirements governing judicial consent]; *see generally, Matter of Sarah K.,* 66 NY2d 223, 239-240, *cert denied sub nom. Kosher v Stamatis,* 475 US 1108). The accomplishment of the purposes of the statute, despite technical noncompliance with it, is the critical factor; those purposes are "protecting the natural parent from improv-

idence or overreaching and insuring that a consent is a product of a fully deliberate act" (*Matter of De Filippis v Kirchner, supra,* at 147, citing *People ex rel. Anonymous v Anonymous,* 139 AD2d 189, 193).

A court must determine whether the birth parents were injured or prejudiced as a result of the noncompliance (*see, Matter of Chaya S. v Frederick Herbert L., supra,* at 397-398; *Matter of Sarah K., supra,* at 239-240; *Matter of De Filippis v Kirchner, supra,* at 147), or whether they were "otherwise fully informed of the consequences" of the consent (*Matter of De Filippis v Kirchner, supra,* at 147; *see, Matter of Sarah K., supra,* at 240; *cf., Matter of Chaya S. v Frederick Herbert L., supra,* at 397-398). Those few cases invalidating a consent on the ground of noncompliance with the statute invariably do so because the form omitted some basic information required by the statute, thereby frustrating its notice purposes (*see, Matter of Spooner v Spooner,* 244 AD2d 667; *Matter of Benson v Jordan,* 184 AD2d 1080, *lv dismissed* 80 NY2d 924; *People ex rel. Anonymous v Anonymous, supra,* at 194). With regard to the statutory requirement that the parent be given a copy of the consent at the time of execution, it has been observed that the "failure to provide the biological parent with a copy of the executed consent need not always be viewed as a fatal defect, where there was substantial compliance with the statutory provisions and where the biological parent was fully aware of his or her rights and the consequences of consent" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C115-b:3, at 225; *compare, Matter of Baby Boy B., supra,* at 674, *with Matter of Male M.,* 76 AD2d 839, *lv denied* 50 NY2d 805, 1056, *and Matter of Baby Boy, supra,* at 14).

On the record before us, there is no basis for invalidating the consents based on petitioners' failure to provide respondents with copies of the consents at the time of execution. Respondents were not prejudiced or injured as a result of the technical violation of the statute, and the statutory purposes were fully accomplished. Respondents admit that, at the urging of petitioners and the notary, they read the consents before signing them, a fact that distinguishes this case from *Matter of Baby Boy (supra),* relied upon by respondents. Moreover, the record makes clear that respondents understood that they had 45 days to revoke their consent, and that they in fact did so in a timely and proper fashion, thus necessitating the best interests hearing ordered by the court. We therefore conclude that the statutory violation did not prevent respondents from

being "otherwise fully informed of [the] consequences" of their consents (*Matter of Sarah K., supra*, at 240, citing *Matter of Daniel C.*, 63 NY2d 927; *see, Matter of De Filippis v Kirchner, supra*, at 147). (Appeal from Order of Niagara County Family Court, Batt, J.—Adoption.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.