**SUPREME COURT OF THE STATE OF NEW YORK**
*Appellate Division, Fourth Judicial Department*

**84**
**CAF 11-00032**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND MARTOCHE, JJ.

---

IN THE MATTER OF THE ADOPTION OF COLLIN.
------------------------------------------------
ALICIA P., PETITIONER-APPELLANT;                    MEMORANDUM AND ORDER

ROBIN C. AND JOSEPH C., RESPONDENTS-RESPONDENTS.

---

ROBERT J. GALLAMORE, OSWEGO, FOR PETITIONER-APPELLANT.

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENTS-RESPONDENTS.

KRYSTAL M. HARRINGTON, ATTORNEY FOR THE CHILD, WATERTOWN, FOR COLLIN.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered December 16, 2010 in a proceeding pursuant to Domestic Relations Law article 7. The order determined that it was in the subject child's best interests to reside with respondents and that petitioner's revocation of extrajudicial consent to adoption would not be given effect.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this adoption proceeding pursuant to Domestic Relations Law article 7, petitioner appeals from an order determining that the adoption by respondents is in the best interests of the subject child. On the day following the child's birth, petitioner signed an extrajudicial consent to allow respondents to adopt the child. Less than 24 hours after signing the consent, but after respondents had taken the child home, petitioner executed a revocation of extrajudicial consent. Respondents filed a timely notice of opposition to the revocation. After a best interests hearing, Family Court determined that respondents were "better able to provide parental guidance" and provide for the child's emotional and intellectual development and that, although petitioner had the potential to become a good parent, respondents had "proven themselves to be exceptional parents." Petitioner contends that the court should not have conducted a best interests hearing inasmuch as she had revoked consent and that the court did not properly apply the best interests standard in making its determination after the hearing. We reject those contentions.

Pursuant to Domestic Relations Law § 115-b (6) (d) (i), in the event that the adoptive parents oppose the biological parent's revocation of consent, the court must, "if necessary, hear and determine what disposition should be made with respect to the custody

of the child."  The biological parent "shall have no right to the custody of the child superior to that of the adoptive parents, notwithstanding that the [biological] parent . . . [is] fit, competent and able to duly maintain, support and educate the child" (§ 115-b [6] [d] [v]).  Custody "shall be awarded solely on the basis of the best interests of the child, and there shall be no presumption that such interest will be promoted by any particular custodial disposition" (*id.*).

"[T]here [must] be some overt manifestation [by the biological parent] to a third person for an extrajudicial consent to be operative" (*Matter of Samuel*, 78 NY2d 1047, 1048).  Here, petitioner signed the consent one day after the child was born, and respondents took physical custody of the child the next day.  Although petitioner revoked her consent within 24 hours of its execution, we conclude that she "overtly manifested her intent that the consent become operative by[, inter alia,] permitting [respondents] to take physical custody of the child the day after he was born" (*Matter of Jarrett*, 224 AD2d 1029, 1031, *lv dismissed* 88 NY2d 960; *cf. Samuel*, 78 NY2d at 1048-1049).  Inasmuch as respondents thereafter opposed the revocation of consent, the court properly conducted a best interests hearing pursuant to Domestic Relations Law § 115-b (6) (d).

We reject petitioner's further contention that the court erred in determining that it was in the child's best interests to be adopted by respondents.  That determination "is entitled to great deference and will not be disturbed where, as here, it is based on careful weighing of the appropriate factors . . ., including the court's firsthand assessment of the character and credibility of the parties and their witnesses" (*Matter of Pinkerton v Pensyl*, 305 AD2d 1113, 1114; *see also Matter of Michael G. v Letitia M.B.*, 45 AD3d 1405, *lv denied* 10 NY3d 715).