■ In the Matter of ELIYAHU, an Infant. NINA Y., Appellant; JENNIFER B. et al., Respondents. [961 NYS2d 124]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about September 6, 2011, which, in this private placement adoption proceeding, to the extent appealed from, denied the biological mother's application to dismiss the adoption petition of the prospective adoptive parents, and

granted the adoptive parents' motion for summary judgment dismissing the mother's petition seeking to set aside her extrajudicial consent to the adoption of the subject child on technical grounds, unanimously affirmed, without costs.

Although the consent form was not in 18-point type, this technical noncompliance with Domestic Relations Law § 115-b (4) (a) does not invalidate the consent (*see Matter of Female Infant B.*, 51 AD3d 419, 422 [1st Dept 2008]; *Matter of De Filippis v Kirchner*, 217 AD2d 145, 146-147 [3d Dept 1995]), especially since the consent complied with all the substantive requirements of section 115-b and there was no showing of injury or prejudice to the biological mother (*see Matter of Gabriela*, 273 AD2d 940, 940-941 [4th Dept 2000]). Rather, the record shows that the biological mother consulted with an attorney prior to signing the consent, that the attorney read and reviewed the entirety of the consent, and that the mother understood that she could revoke the consent within 45 days of its execution. "Neither mistake as to the meaning of the form nor failure to read the form before signing it constitutes a valid ground for vitiating the consent" (*Matter of Baby Boy B.*, 163 AD2d 673, 674 [3d Dept 1990], *lv denied* 76 NY2d 710 [1990]; *see also Matter of Sarah K*, 66 NY2d 223, 240-241 [1985], *cert denied sub nom. Kosher v Stamatis*, 475 US 1108 [1986]).

Nor does the prospective adoptive parents' failure to obtain judicial certification of their qualifications before taking custody of the child, in violation of Domestic Relations Law § 115 (1) (b), or to file an adoption petition within ten days of taking custody, in violation of section 115-c, invalidate the birth mother's consent or disqualify the prospective adoptive parents from adopting the child (*see Matter of Joanna K.*, 33 Misc 3d 486, 495 [Fam Ct, Queens County 2011]). Indeed, the statute does not provide a penalty for failure to comply with these provisions (*see Matter of Baby Boy P.*, 182 Misc 2d 943, 948 [Fam Ct, Monroe County 1999]). In any event, the provisions are designed to ensure "prompt court supervision of such placements" (*id.*), and in this case the prospective adoptive parents acted with reasonable promptness to bring themselves in compliance with the statute by obtaining certification and filing an adoption petition. Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.