Jacob Markowitz, J.
This is a motion to dismiss the complaint for legal insufficiency. The action is brought by plaintiff against its and its assignor’s former attorney seeking recovery for damages resulting from alleged fraudulent inducement to enter into a contract, and from alleged misrepresentations and negligent performance of professional duties. In addition, claims are asserted against one of the defendants for misrepresentations while he was on officer and director of plaintiff.
Defendants assert as a first ground for dismissal, that the assigned claims alleged are in violation of section 275 of the Penal Law, which prohibits corporations from taking an assignment of claims “ for the purpose of bringing an action thereon.” The intention of this section is to aid in the enforcement of ‘1 time honored public policies ” against champertons agreements and real or implied practice of law by corporations (Transbel Inv. Co. v. Roth, 36 F. Supp. 396). In the instant case, it is uncontradicted that plaintiff and its assignor are interrelated corporations, and it is clear that plaintiff itself was involved in the transactions alleged from the very beginning. In such circumstance, the assignment was not in the purview of section 275 of the Penal Law, and defendants’ contentions thereon are rejected.
Defendants’ further contention that the claims are unassignable because they are “ tort claims ” must similarly be rejected as specious. While assignments of claims for personal injury are not permissible under the law (Personal Property Law, § 41, subd. 1, par. [1]), causes of action sounding in fraud and deceit are transferable (Appliance Inv. Co. v. American Tel & Tel. Co., 23 N Y. S. 2d 27, affd. 262 App. Div. 836).
*1092 Another ground for dismissal asserted by defendants is that the alleged statements constitute “ estimates, opinions and representation of future action” which are not actionable. This proposition of law, however, is inapplicable to situations where attorneys and other fiduciaries may be involved. Moreover, while some statements may be in the category described, the complaint is replete with allegations of past or existing facts.
Finally, defendants contend that causes of action in negligence are insufficiently stated, and that there is no alleged connection between the purported representations and the resultant injuries. These arguments, however, are inapplicable to this case where it is clear from the pleading that the defendants are being charged with breach of professional fidelity in good faith. An attorney is answerable for all damages which are proved to have resulted from want of ordinary care (Byrnes v. Palmer, 18 App. Div. 1). For the foregoing reasons, the motion is denied.