■ FAY SUCHER et al., Respondents, v KUTSCHER'S COUNTRY CLUB, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., allegedly incurred when plaintiff Fay Sucher was using a chair-lifting machine on the premises of defendant and third-party plaintiff Kutscher's Country Club (Kutscher's), Kutscher's appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated September 5, 1984, which granted a motion by third-party defendant American Stair-Glide Corporation (American), the manufacturer of the chair-lifting machine, to dismiss the third-party complaint on the grounds of res judicata and collateral estoppel (CPLR 3211 [a] [5]).

Order reversed, without costs or disbursements, and American's motion denied.

Plaintiffs commenced this action against Kutscher's in or about June 1980, after Mrs. Sucher fell from her wheelchair while using a chair-lifting machine on appellant's premises in April 1979.

In or about January 1981, Kutscher's impleaded Weisblatt Electric Company, vendor and installer of the machine, in a third-party complaint which alleged the existence of "a defect" in the machine, and asserted, in the most general terms, causes of action for "strict liability in tort", breach of warranty and negligence.

In its verified bill of particulars as against Weisblatt, dated January 13, 1982, Kutscher's specified the "defect" to be that the machine was "designed, manufactured and installed so that the slope of its loading gate was excessive and did not allow for smooth transition from the porch lift to the floor". Weisblatt, in turn, impleaded American, the manufacturer, as a fourth-party defendant in or about September 1982. Kutscher's never sought to proceed directly against American. In or about January 1984, both Weisblatt and American moved for summary judgment dismissing the third- and fourth-party complaints.

The papers submitted by Kutscher's in opposition to summary judgment addressed only the issue of alleged negligent

installation by Weisblatt, and failed to make any evidentiary showing, even upon that limited issue. Summary judgment was granted to both Weisblatt and American by order dated March 6, 1984 (Christ, J.). Kutscher's never appealed from that order. On or about May 11, 1984, Kutscher's, by new counsel, served a new third-party complaint upon American, alleging, insofar as here pertinent, that American placed the chair-lifting machine "into the stream of commerce in a defective and dangerous condition".

American moved to dismiss the new third-party complaint on grounds of res judicata and collateral estoppel (CPLR 3211 [a] [5]). Kutscher's opposed the motion, arguing that collateral estoppel was inapplicable because the order granting the prior summary judgment motion determined only that Weisblatt committed no act of negligence in installing the machine, whereas the present action differed in that it was based upon the manufacturer's allegedly defective design. Kutscher's annexed to its motion papers a design evaluation report prepared by a consulting firm. This report, dated June 22, 1984 and based in part upon a May 30, 1984 inspection of Kutscher's premises, indicated the existence of significant deficiencies in the machine's design; all of these problems related to the loading ramp of the machine and the possibility that a wheelchair might not be able to make a smooth transition from the machine to the floor.

Special Term (Wager, J.), granted American's motion to dismiss, noting that Kutscher's original third-party complaint against Weisblatt also alleged the existence of a defect in the machine, and that since retailers are as liable as manufacturers for injuries caused by defects in products, then the original determination granting summary judgment necessarily determined that no defect of any kind existed in the machine. This appeal followed.

The doctrine of collateral estoppel applies to preclude relitigation of an issue where it is found that (1) the issue sought to be precluded is identical to one which was necessarily decided in a prior proceeding, and (2) the litigant against whom preclusion is sought in the present proceeding had a full and fair opportunity to litigate the issue in the prior proceeding *(Gilberg v Barbieri,* 53 NY2d 285, 291; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449, 455, *affd* 61 NY2d 861). The burden of establishing the first element is upon the proponent of preclusion, and the burden of establishing the second is upon the opponent *(Schwartz v Public Administrator*

*of County of Bronx, supra,* at p 73; *Kret v Brookdale Hosp. Med. Center, supra,* at p 455). At bar, respondent American clearly met its burden of showing that the identical issue of the existence of a defect, and more specifically, of any defect relating to the machine's inability to provide a passenger with a smooth transition from loading ramp to floor, was necessarily determined adversely to Kutscher's when Justice Christ granted summary judgment. Kutscher's arguments to the contrary ignore the allegations in the pleadings. However, identity of a necessarily determined issue is only the first part of a collateral estoppel analysis.

The second part is an inquiry as to whether the party sought to be precluded had a full and fair opportunity to litigate that issue in the prior proceeding. Many factors have been identified as bearing upon the full and fair opportunity analysis, including the availability of new evidence, the use of initiative, the extent of the prior litigation and the competence and experience of counsel *(Schwartz v Public Administrator of County of Bronx, supra,* at p 72; *see also,* Siegel, NY Prac § 467, at 618-623). At bar, Kutscher's presented new evidence, a design evaluation report, as part of its opposition to the instant motion to dismiss. This report was not prepared until more than three months after the summary judgment motion was decided by Justice Christ, and contains material which would unquestionably have produced a different result by raising substantial fact issues regarding the existence of design defects *(cf. Schwartz v Public Administrator of County of Bronx, supra,* at p 72; *Vincent v Thompson,* 50 AD2d 211, 221).

We note Kutscher's failure to proffer any explanation of why the design evaluation report was not prepared and submitted in time for the summary judgment motion. However, we also note that Kutscher's is now represented by new counsel, and that the report purports to have been prepared at the direct request of an insurance company (presumably Kutscher's liability carrier). Absent more information than is available on this record, we are reluctant to preclude Kutscher's from introducing evidence which is clearly relevant to a key issue in the case *(cf. Vincent v Thompson, supra,* at p 221). We note also that those portions of the record pertaining to litigation of the summary judgment motion indicate clearly that Kutscher's original counsel did not actually address any argument whatsoever to the issue of strict product liability and, therefore, the factors of use of initiative, extent of the prior litigation and the competence and experience of counsel

in the prior proceedings appear to be implicated *(Schwartz v Public Administrator of County of Bronx, supra,* at p 72) and militate against application of collateral estoppel. We note further that Kutscher's has failed to address any argument to these factors, and that the burden to do so was on it *(Schwartz v Public Administrator of County of Bronx, supra,* at p 73; *Kret v Brookdale Hosp. Med. Center, supra,* at p 455); however, this rule is not inflexible *(see, Gilberg v Barbieri,* 53 NY2d 285, 298, *supra).*

Collateral estoppel or issue preclusion is founded upon policy considerations and judicial recognition of aims which seek, *inter alia,* to conserve the resources of the courts and litigants *(Kret v Brookdale Hosp. Med. Center, supra,* at p 456). Applicability of the doctrine must be determined on a case-by-case basis, without rigidity *(Schwartz v Public Administrator of County of Bronx, supra,* at p 73; *Kret v Brookdale Hosp. Med. Center, supra,* at p 456), and the over-all fairness of applying the doctrine must be the crowning consideration *(Read v Sacco,* 49 AD2d 471, 473-474; *Kret v Brookdale Hosp. Med. Center, supra,* at p 456). This record reveals new evidence, not available at the time of the prior proceeding, which would certainly have changed the prior result *(cf. Schwartz v Public Administrator of County of Bronx, supra,* at p 72). The record also clearly reveals that Kutscher's counsel in the prior litigation failed to actually litigate any issues relating to strict product liability for a design defect, apparently due to an understandable confusion regarding the subtle distinctions between a cause of action sounding in negligent design (for which recovery may be had only by direct suit against the tort-feasor) and a cause of action sounding in strict product liability for a design defect (as to which a recovery may be had from the vendor as well as the manufacturer) *(Mead v Warner Pruyn Div.,* 57 AD2d 340). It has been observed that these two theories of liability "are, in New York, almost functionally equivalent" *(DeRosa v Remington Arms Co.,* 509 F Supp 762, 766). On these particular facts, we are not persuaded that it would be fair to preclude Kutscher's from litigating the issue of whether the machine in question was manufactured with a design defect.

The only remaining issue is whether Kutscher's should be permitted to prevail on this appeal, or whether it should be required to return to Justice Christ and seek vacatur of his March 6, 1984 order pursuant to CPLR 5015 (a) (2), based on the newly proffered design report. There is authority for the proposition that the proper course for Kutscher's would be to

make a motion to vacate before Justice Christ *(Statter v Statter,* 2 NY2d 668, 674-675). However, *Statter* does not appear to control the result at bar. First, the Court of Appeals itself appears to have moved away from its holding in *Statter* with regard to consideration of new evidence proffered to bar the application of collateral estoppel *(Schwartz v Public Administrator of County of Bronx, supra,* at pp 72-73; *Gilberg v Barbieri, supra,* at p 292), albeit without explicitly overruling *Statter* on this point. Second, *Statter* involved the same parties in both the prior and the subsequent litigations, and was decided at a time when collateral estoppel was not available unless the parties to the subsequent litigation were mutually bound by the adjudication in the original litigation *(see, B. R. DeWitt, Inc. v Hall,* 19 NY2d 141, 147; *Gilberg v Barbieri, supra,* at p 291). The use and availability of collateral estoppel have expanded tremendously in recent years. It would seem that where, as at bar, the party seeking to invoke collateral estoppel was not a party to the original summary judgment motion, there is a greater need to exercise the flexible approach consistently urged by the later decisions *(e.g., Schwartz v Public Administrator of County of Bronx, supra,* at p 73; *People v Berkowitz,* 50 NY2d 333, 344; *People v Plevy,* 52 NY2d 58, 64; *Gilberg v Barbieri, supra,* at p 292). In this regard we have already noted that the record indicates that Kutscher's counsel in the original proceeding acted as though he believed that a claim for a design defect could not be asserted against Weisblatt. Moreover, if we were to follow *Statter* in the case at bar, we would be requiring Kutscher's to make successive motions to vacate before both Justice Christ and Justice Wager in order to reach the same result that this court could achieve by a simple reversal of Justice Wager's order. That seems an overly torturous path to travel in the service of a doctrine which purports to limit duplicative litigation *(Schwartz v Public Administrator of County of Bronx, supra,* at p 70; *Gilberg v Barbieri, supra,* at p 291), especially since "[t]he point of the inquiry, of course, is not to decide whether the prior determination should be vacated but to decide whether it should be given conclusive effect beyond the case in which it was made" *(Gilberg v Barbieri, supra,* at p 292). Finally, this court has previously relied directly upon newly available evidence as an alternate ground for reversal of a judgment which had been based upon application of the doctrine of collateral estoppel *(Vincent v Thompson,* 50 AD2d 211, 220-223, *supra).*

Under the circumstances, we conclude that the newly sub-

mitted evidence was properly presented for consideration by Justice Wager and by this court, and that, on this record, it was an improvident exercise of discretion to apply collateral estoppel to bar the instant complaint. Brown, O'Connor and Weinstein, JJ., concur.

Mangano, J. P., dissents and votes to affirm the order appealed from, with the following memorandum: The procedural background and history of the instant litigation is not in dispute and has been accurately set forth by the majority. In granting the motion of the third-party defendant, American Stair-Glide Corporation (American), to dismiss the third-party complaint of Kutscher's Country Club (Kutscher's) against it on the grounds of res judicata and collateral estoppel, Special Term (Wager, J.), stated as follows:

"This court (Christ, J.), in an order dated March 6, 1984, upon which a judgment has been entered, granted summary judgment to Weisblatt and the movant in the first third-party action dismissing the third and fourth-party complaints. Although Kutcher's *[sic]* contends that the first third-party complaint was dismissed solely because the court determined that Weisblatt has not been negligent in installing the porch lift, this contention is not supported by the record and ignores that fact that the first third-party complaint was also based upon an alleged defect in the porch lift. There is, of course, no difference between the liability of a manufacturer and a retailer for injuries caused by defects in a product (see *Mead* v. *Warner Pruyn,* 57 A D 2d 340). Thus, by granting summary judgment, Justice Christ necessarily determined that the porch lift was not defective. This would rule out any defect, including a design defect, which is now alleged to be the basis of the new third-party action.

"The judgment entered in the first third-party action, consequently, bars the present third-party action (see *Kret* v. *Brookdale Hosp.,* 93 A D 2d 449, affd 61 N Y 2d 861)".

I agree with the determination of Special Term.

It is beyond cavil that the doctrine of collateral estoppel precludes relitigation of an issue where (1) the issue sought to be precluded is identical to one which was necessarily decided in a prior proceeding and (2) the litigant against whom preclusion is sought in the present proceeding had a full and fair opportunity to litigate the issue in the prior proceeding *(Gilberg v Barbieri,* 53 NY2d 285, 291; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; *Kret v Brookdale Hosp. Med. Center,* 93 AD2d 449, 455, *affd* 61 NY2d

861, *supra)*. The majority concedes that American, the proponent of preclusion, met its burden *(Schwartz v Public Administrator of County of Bronx, supra; Kret v Brookdale Hosp. Med. Center, supra)* of establishing that the issue of the existence of a defect, and more specifically, of any defect relating to the machine's inability to provide a passenger with a smooth transition from the loading ramp to the floor, was necessarily determined adversely to Kutscher's when Special Term, by the order dated March 6, 1984, granted summary judgment to the third- and fourth-party defendants Weisblatt Electric Company and American. Nevertheless, the majority rejects the application of the doctrine of collateral estoppel in the case at bar, on the ground that Kutscher's has met its burden of establishing that it did not have a full and fair opportunity to litigate that issue in the prior proceeding *(Gilberg v Barbieri, supra; Schwartz v Public Administrator of County of Bronx, supra; Kret v Brookdale Hosp. Med. Center, supra)*. In this regard, the majority places great emphasis on a design evaluation report, which Kutscher's prepared three months after summary judgment was initially granted to Weisblatt and American.

In my view, the majority's reliance on the design evaluation report is misplaced.

Initially, it must be noted that Kutscher's does not claim that it was deprived of a full and fair opportunity to litigate the issue of a design defect. Its sole argument before Special Term and on the instant appeal is that the issue of a design defect, which it is presently alleging, was not necessarily decided pursuant to the order dated March 6, 1984 granting summary judgment to Weisblatt and American.

In any event, the majority's argument must fall on the merits.

I recognize that "the availability of new evidence" is one of the "various factors which should enter into a determination whether a party has had his day in court" *(Schwartz v Public Administrator of County of Bronx, supra,* p 72). However, the design evaluation report hardly qualifies as "new evidence". This report could and should have been prepared and submitted in response to the motion for summary judgment interposed by third-party defendants Weisblatt and American *(Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255; cf. *Rose v La Joux,* 93 AD2d 817). Indeed, the majority concedes that Kutscher's has failed to proffer any explanation as to why the design evaluation report was not so prepared

and submitted *(Schwartz v Public Administrator of County of Bronx, supra)*. The case of *Vincent v Thompson* (50 AD2d 211, 221) cited by the majority, is clearly distinguishable from the case at bar since the new evidence in that case was in fact a "new scientific test first developed" after the prior proceeding had been completed. Under these facts, I fail to see any unfairness in precluding Kutscher's from relitigating the issue of whether the machine in question was manufactured with a design defect *(Kret v Brookdale Hosp. Med. Center, supra)*.

Accordingly, I dissent and vote to affirm the order appealed from.