■ GEORGE M. FRYBERGH, Appellant, v MAURICE H. KOUFFMAN et al., Respondents, et al., Defendants.—In an action to recover salary and real estate brokerage commissions, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Orgera, J.), entered June 12, 1987, which, *inter alia,* granted the respective motions of the defendants Maurice H. Kouffman and East Hampton House, Inc., for summary judgment and thereupon dismissed the complaint, and denied the plaintiff's motion to restore the action to the Trial Calendar.

Ordered that the order and judgment is affirmed, with costs.

Between March 17, 1981 and July 31, 1981, the plaintiff was engaged in market testing of the concept of time-sharing condominiums for the defendants by obtaining reservations for the condominium units from prospective purchasers. To reserve condominium units, prospective purchasers were obligated to make a $250 deposit, which was refundable upon demand. The reservation agreements did not require prospective purchasers to ultimately purchase the units reserved. The defendants agreed that if the market test proved successful, they would file a prospectus with the New York State Department of law and offer the time-sharing units for sale, and that the plaintiff would receive a 3% commission for every unit sold due to his efforts.

The defendants, however, discharged the plaintiff on July 31, 1981, and abandoned the time-sharing project in October 1981 without ever having filed a prospectus or sold any units.

The plaintiff filed a claim for unemployment insurance benefits effective August 3, 1981, contending that he had earned $14,526.05 while employed obtaining time-sharing reservations for the defendant East Hampton House, Inc. After a hearing at which the plaintiff was represented by counsel, an Administrative Law Judge found that the plaintiff was aware that no commissions would be earned unless the employer had filed a prospectus with the New York Department of Law and

the prospective purchaser had received a prospectus and had entered into a written agreement thereafter for the sale of a time-sharing unit. The Administrative Law Judge concluded that conditions precedent to the earning of a commission had not taken place, and that the plaintiff's relationship with East Hampton House, Inc. enabled him to have only the prospect of potential earnings, thus rejecting his claim for benefits based on commissions. The determination of the Administrative Law Judge was subsequently affirmed by the Unemployment Insurance Appeal Board.

The plaintiff commenced this action after the decision of the Administrative Law Judge was filed, claiming that salary and commissions are due him from his work in obtaining reservations. The Supreme Court granted summary judgment upon collateral estoppel grounds, finding that the issues presented by this action were determined in the administrative proceeding. We agree.

The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity *(see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500). The doctrine of collateral estoppel is applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies *(Ryan v New York Tel. Co., supra,* at 499; *Matter of Evans v Monaghan,* 306 NY 312, 323-324).

To invoke the doctrine of collateral estoppel "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" *(Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *Faillace v Port Auth.,* 130 AD2d 34, 40, *lv denied* 70 NY2d 613).

Applying these principles, we conclude that this action was properly dismissed upon the doctrine of collateral estoppel because the material issue of whether salaries and commissions are due the plaintiff was determined in the administrative proceeding. Further, in light of the fact that the plaintiff initiated the administrative proceeding and thus had incentive to vigorously pursue it, and in light of the fact that he was represented by counsel at the proceeding, we conclude he had a full and fair opportunity to litigate his entitlement to salaries and commissions in that forum *(see, Dusovic v New Jersey Tr. Bus Operations,* 124 AD2d 634, *appeal dismissed* 70 NY2d 747).

The plaintiff's motion to restore this action to the Trial Calendar was therefore properly denied as academic. Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.