■ JANET CHANG, Individually and as Shareholder and Director of 207 SECOND AVENUE REALTY CORP., Respondent, v WILSON CHANG et al., Respondents, and THOMAS CARTELLI, Appellant. [642 NYS2d 628] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered November 18, 1994 and July 19, 1995, which denied defendant-appellant's motion to dismiss, or sever and stay, defendants-respondents' cross claims against him for legal malpractice, and which granted defendants-respondents' motion to dismiss defendant-appellant's cross claims against them for indemnification and contribution, affirmed, without costs or disbursements.

Appellant's cross claims for indemnification and contribution against his codefendants were properly dismissed, as the malpractice claim against him seeks only to hold him responsible for his own torts and not those of the codefendants. The malpractice claim is legally sufficient, asserted as it is on behalf of the corporate defendant, as to which the requisite attorney-client relationship and damages are adequately alleged. It is of no moment that the individual defendants may not be able to assert a similar claim on their own behalf. The malpractice claim is also assignable. (See, 6 NY Jur 2d, Assignments, § 16.) The assignment of that claim to plaintiff cannot be deemed to violate any public policy in this case inasmuch as plaintiff is an officer of the corporation which assigned the claim. We

have considered appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse and dismiss the complaint.

The plaintiff is Janet Chang. She is the widow of Hsu Chang. Hsu Chang was the brother of defendant Wilson Chang, whose wife is Ruby Chang.

The defendant Thomas Cartelli was the family lawyer for Wilson and Ruby Chang for many years. The four members of the Chang family formed 207 Second Avenue Realty Corp. ("207 Corp.") to purchase the premises at 207 Second Avenue where Wilson operated his Chinese restaurant, The Dumpling House, Inc. Each of the four Changs held 25% of the common stock of 207 Corp., whose sole asset was the building.

After Hsu Chang died, his widow Janet commenced a shareholder derivative action, alleging that since her husband's death the other two Changs, Wilson and Ruby, with the assistance of defendant Thomas Cartelli, Esq., had defrauded her and the corporation. Janet attempted to amend her complaint to assert a legal malpractice claim against Cartelli. The background to this matter can be found in a previous appeal, *Chang v Chang* (190 AD2d 311).

Because there was no claim of attorney-client relationship between the plaintiff and Mr. Cartelli, the IAS Court dismissed Janet's malpractice action against Cartelli. Thereafter, Janet and the other Changs entered into a settlement agreement which was so ordered and which provided for the corporation to assign its legal malpractice claim against Cartelli to Janet and for Janet to discontinue her case against the other Changs.

This Court sustains the assignment and the continuation of the malpractice claim in the name of Janet. I would reverse and dismiss.

There are important policy questions in the attorney-client relationship. A malpractice action is not simply a commodity to be exploited and transferred to one who never had a relationship with the attorney and to whom the attorney, as the IAS Court decided, never owed a legal duty.

We have now an anomalous situation where the plaintiff Janet Chang, who has contended that she was damaged because defendant Cartelli advised the other Changs in a way that hurt her, is taking up the claim of the ones responsible for her injury, against their lawyer for helping them to hurt her. This is not a situation which should be allowed.