■ DAMIEN GREEVY, an Infant, by His Father and Natural Guardian, THOMAS M. GREEVY, JR., et al., Respondents, v

BECKER, ISSERLIS, SULLIVAN & KURTZ, as Successors in Interest to BECKER & ACHIRON, et al., Appellants. [658 NYS2d 693] —In an action, *inter alia*, to recover damages for legal malpractice, the defendants appeal from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated May 30, 1996, as denied those branches of their cross motion which were to dismiss the causes of action in the complaint sounding in legal malpractice as barred by General Obligations Law § 13-101.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff was injured when an automobile in which he was riding was struck from behind by an automobile owned by Renee Feenaghty and driven by Renee's husband Brendan Feenaghty. In a related negligence action against the Feenaghtys, the plaintiffs were awarded $200,000 in damages. The Feenaghtys were defended by the firm of Becker & Achiron (hereinafter B & A, predecessor of the defendant law firm), house counsel for Renee's insurer, Eagle Insurance Company (hereinafter Eagle). Eagle paid the plaintiffs the full $10,000 limit of Renee Feenaghty's policy. The plaintiffs then entered into an agreement with the Feenaghtys whereby the plaintiffs agreed to not enforce their judgment against the Feenaghtys in exchange for an assignment of any claim that the Feenaghtys might have against B & A for legal malpractice. The parties agreed that any proceeds recovered from such a claim would be used to satisfy the judgment. Thereafter, the plaintiffs, as assignee of Renee Feenaghty, commenced this action seeking damages, *inter alia*, for legal malpractice. The plaintiffs alleged, among other things, that B & A learned during the deposition of Brendan Feenaghty that he was driving Renee's automobile without permission, which would have been a complete defense by Renee to the plaintiffs' personal injury action. The plaintiffs alleged that the failure to inform Renee of this defense and interpose it on her behalf, and the failure of B & A to secure independent counsel for Brendan, constituted legal malpractice. After issue was joined, the plaintiffs moved for summary judgment. The defendants cross moved to dismiss the complaint. The defendants argued, *inter alia*, that the assignment of a legal malpractice claim is prohibited by General Obligations Law § 13-101 as being against public policy and/or as being an assignment of a claim for personal injuries. The Supreme Court denied those branches of the defendants' cross motion which were to dismiss the plaintiffs' causes of action sounding in legal malpractice. We now affirm the order insofar as appealed from.

Pursuant to General Obligations Law § 13-101, all claims are assignable except those expressly prohibited. Those claims expressly prohibited do not include a claim for legal malpractice (*see, Chang v Chang*, 226 AD2d 316; *Tawil v Finkelstein Bruckman Wohl Most & Rothman*, 223 AD2d 52; *American Hemisphere Mar. Agencies v Kreis*, 40 Misc 2d 1090; *Oppel v Empire Mut. Ins. Co.*, 517 F Supp 1305). Thus, on the facts presented, the assignment would be neither a violation of public policy (*cf., Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445; *DiBlasi v Aetna Life & Cas. Ins. Co.*, 147 AD2d 93; *Roldan v Allstate Ins. Co.*, 149 AD2d 20; *Williams Paving Co. v United States Fid. & Guar. Co.*, 67 AD2d 827) nor the assignment of a claim to recover damages for personal injuries (*see*, General Construction Law § 37-a). Therefore, the assignment of the claims at issue does not violate General Obligations Law § 13-101. Mangano, P. J., O'Brien, Ritter and McGinity, JJ., concur.