■ SCOTT J. DAVIDOV, Respondent, v RAYMOND A. SEARLES et al., Appellants, et al., Defendant. [923 NYS2d 180]—

In an action to recover damages for personal injuries, the defendants Raymond A. Searles, MV Transportation, and New York City Transit Authority appeal from an order of the Supreme Court, Queens County (Kitzes, J.), entered May 11, 2010, which granted the plaintiff's motion for summary judgment against them on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment against the defendants Raymond A. Searles, MV Transportation, and New York City Transit Authority on the issue of liability is denied.

This action arises out of a collision between a vehicle operated by the plaintiff Scott J. Davidov and owned by Mikhail S. Voskov, and a bus owned by the defendant MV Transportation (hereinafter MV) and operated by the defendant Raymond A. Searles. According to Davidov, the bus was being used as an Access-A-Ride vehicle pursuant to a contract with the defendant New York City Transit Authority (hereinafter the NYCTA). Deborah Scott, a passenger in the bus, commenced a separate action (hereinafter the *Scott* action) to recover damages for

personal injuries arising out of the accident, naming MV, Searles, the NYCTA, Davidov, and Voskov as defendants. Davidov and Voskov asserted a cross claim in the *Scott* action against MV, Searles, and the NYCTA (hereinafter collectively the appellants) for contribution and/or indemnification, and the appellants also asserted a cross claim in the *Scott* action against Davidov and Voskov for contribution and/or indemnification.

In an order dated November 21, 2008, and entered in the *Scott* action, the Supreme Court granted that branch of the motion of Davidov and Voskov which was for summary judgment dismissing the complaint in the *Scott* action insofar as asserted against them, concluding that they had established that Searles's negligence was the sole proximate cause of the accident. The Supreme Court stated, inaccurately, that Searles had admitted at his deposition that the light he was facing turned red "at the time" he entered the intersection where the accident occurred. The Supreme Court denied that branch of Davidov's and Voskov's motion which was for summary judgment dismissing any cross claims against them, stating, mistakenly, that no cross claims had been asserted against them.

Meanwhile, Davidov commenced the instant action against the appellants, among others, to recover damages for his own personal injuries allegedly arising from the same collision. In February 2010 Davidov moved for summary judgment against the appellants on the issue of liability, contending, inter alia, that the appellants were collaterally estopped from relitigating the issue of who was responsible for the happening of the accident. The Supreme Court granted the motion. We reverse.

The appellants established that, under the circumstances of this case, they did not have a full and fair opportunity to contest the prior determination finding Searles solely at fault in the happening of the accident (*see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]). Because the order in the *Scott* action denied Davidov and Voskov relief with respect to the appellants' cross claims against them, the appellants were not aggrieved by the order, and could not appeal it (*see Mixon v TBV, Inc.*, 76 AD3d 144, 149-157 [2010]; *Augustine v Sugrue*, 8 AD3d 517, 518-519 [2004]; *People v Medina*, 208 AD2d 771, 772 [1994]). Moreover, at the time of the prior order, the appellants did not have access to Davidov's medical records, as Davidov did not place his mental or physical condition at issue in the *Scott* action (*see Arons v Jutkowitz*, 9 NY3d 393, 409 [2007]; *Dillenbeck v Hess*, 73 NY2d 278, 287 [1989]). These records, which were subsequently obtained by the appellants through discovery in this action, contain evidence that Davidov

may have been intoxicated at the time of the accident and suffered from amnesia, potentially calling into doubt the testimony given by Davidov that was before the Supreme Court in the *Scott* action. Accordingly, the Supreme Court should have denied Davidov's motion for summary judgment against the appellants on the issue of liability.

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.