■ FERNANDO MONTOYA et al., Respondents, v JL ASTORIA SOUND, INC., et al., Defendants, and DUOCOLONY FUEL CORP., Appellant. [939 NYS2d 92]—

The plaintiff Fernando Montoya (hereinafter the plaintiff) allegedly sustained personal injuries when he impaled his foot after stepping on a five-inch high piece of broken-off metal signpost protruding from the sidewalk surface abutting certain premises in Queens (hereinafter the premises). The plaintiffs claim that the defendant Duocolony Fuel Corp. (hereinafter Duocolony) was negligent in managing and maintaining the premises and by regularly parking automobiles upon the sidewalk adjacent to the premises, interfering with the lawful use of the sidewalk by pedestrians and obscuring the plaintiff's view of the protruding signpost remnant.

In an earlier-filed but still pending action (hereinafter the first action), the plaintiffs sought damages arising from the same incident against, among others, the owners of the premises, one of whom is also a principal of Duocolony.

After issue was joined in the instant action, in an order entered in the first action on April 6, 2011, the Supreme Court, Queens County (Kerrigan, J.), granted the summary judgment motion of the premises' owners. In opposition to that summary judgment motion, the plaintiffs contended that the plaintiff's injuries were not solely caused by stepping on the signpost, but were also caused because of his inability to see the signpost remnant, which was obscured by snow and by the premises' owners having parked "a motor vehicle on the sidewalk, which obscured the signpost." In addressing these contentions, the Supreme Court determined that the plaintiffs' contentions were speculative.

Thereafter Duocolony moved in the instant action, inter alia, for summary judgment dismissing the complaint insofar as asserted against it arguing that, based on the order in the first action, collateral estoppel barred the plaintiffs' claims as against Duocolony in the instant action. In the order appealed from, the Supreme Court, inter alia, denied that branch of the motion. Duocolony appeals and we reverse the order insofar as appealed from.

In support of that branch of its motion, Duocolony established that the order in the first action collaterally estopped the

plaintiffs from relitigating the issues of whether the plaintiff's view was obscured by the parked vehicle or by snow.

Where a party has had a full and fair opportunity to litigate an issue, but has received an adverse final ruling on it, that party is collaterally estopped from litigating the same issue in another proceeding (*see Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 649 [1993]). In order for collateral estoppel to apply, two elements must be established: (1) that "the identical issue was necessarily decided in the prior action and is decisive in the present action;" and (2) that the precluded party "must have had a full and fair opportunity to contest the prior determination" (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). An issue is "raised" and "actually litigated" for collateral estoppel purposes when it is submitted for determination, and is determined, and may be so submitted, inter alia, by pleading, or on a motion for summary judgment (Restatement [Second] of Judgments § 27, Comment *d*).

Here, Duocolony established that in the first action, the plaintiffs raised the issue of the plaintiff's view having been obscured by the snow and the proximity of the parked vehicle, and this contention was rejected (*see Rodenheiser v State of New York*, 47 AD3d 788 [2008]; *Nissequogue Boat Club v State of New York*, 14 AD3d 542, 544 [2005]; *Lozada v GBE Contr. Corp.*, 295 AD2d 482, 483-484 [2002]).

In opposition to Duocolony's prima facie showing, the plaintiffs, as the party to be precluded, did not meet their burden of "demonstrating the absence of a full and fair opportunity to contest the prior determination" (*Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]; *see Matter of Falco v Town of Islip*, 289 AD2d 490, 491 [2001]; *Frybergh v Kouffman*, 145 AD2d 529 [1988]; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury*, 130 AD2d 549, 551 [1987]; *cf. Sucher v Kutscher's Country Club*, 113 AD2d 928, 930-931 [1985]).

Because the plaintiffs "had a full and fair opportunity to litigate the issue in the earlier action, fairness and efficiency dictate that [they] should not be permitted to try the issue again" (*Bansbach v Zinn*, 1 NY3d 1, 10 [2003]). Accordingly, the Supreme Court should have granted that branch of Duocolony's motion which was for summary judgment dismissing the complaint insofar as asserted against it as barred by the doctrine of collateral estoppel.

The plaintiffs' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.