■ ENDLESS OCEAN, LLC, Appellant, v TWOMEY, LATHAM, SHEA, KELLEY, DUBIN & QUARTARARO et al., Respondents. [979 NYS2d 84]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages alleg-

edly sustained as a result of the defendants' legal malpractice. As alleged in the complaint, the plaintiff retained the defendants to represent it in connection with the sale of certain real property and a related exchange of "like-kind property" pursuant to the Internal Revenue Code (see 26 USC § 1031). According to the allegations in the complaint, the plaintiff, based upon the defendants' advice, selected LandAmerica 1031 Exchange Services, Inc. (hereinafter LandAmerica), as the qualified intermediary to hold a portion of the sale proceeds, totaling $5.5 million, for the exchange of like-kind property pursuant to 26 USC § 1031. The complaint alleged, inter alia, that the defendants negligently represented the plaintiff inasmuch as they reviewed, and advised the plaintiff to execute, an agreement with LandAmerica, under which the exchange funds were to be held in a commingled account and not a qualified escrow account or trust. Soon after the sale proceeds were transferred to LandAmerica, its parent corporation, LandAmerica Financial Group, Inc., declared bankruptcy. According to the complaint, the plaintiff's funds were frozen for several years during the bankruptcy proceedings, and the plaintiff lost a portion of the funds because they were not held in a qualified escrow account or trust. The complaint further alleged that the plaintiff could not defer the taxes on the capital gains from the initial sale, as it did not have access to its funds to purchase a replacement property within the required 180-day period.

Prior to answering, the defendants moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) based on documentary evidence, and pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court granted the defendants' motion to dismiss the complaint on both grounds.

The Supreme Court improperly granted the defendants' motion to dismiss the complaint based on documentary evidence. A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Here, the retainer agreement submitted by the defendants did not conclusively establish a defense as a matter of law (see Harris v Barbera, 96 AD3d 904, 905-906 [2012]; Rietschel v Maimonides Med. Ctr., 83 AD3d 810, 811 [2011]; Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38-39 [2006]).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must

afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claims, of course, plays no part in the determination of a prediscovery CPLR 3211 motion to dismiss" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38; *see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

To succeed in a legal malpractice action, "a plaintiff must show that the defendant attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this professional duty caused the plaintiff's actual damages" (*Stuart v Robert L. Folks & Assoc., LLP*, 106 AD3d 808, 808-809 [2013] [internal quotation marks omitted]; *see Conklin v Owen*, 72 AD3d 1006, 1007 [2010]; *Lamanna v Pearson & Shapiro*, 43 AD3d 1111, 1112 [2007]).

Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible inference, as we are required to do, the plaintiff stated a cause of action to recover damages for legal malpractice (*see Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]; *Kempf v Magida*, 37 AD3d 763, 764 [2007]). The plaintiff alleged in the complaint that the defendants were negligent in failing, inter alia, to advise it to keep its exchange funds in a qualified escrow account or trust, and that this negligence was a proximate cause of its damages. The defendants' contentions that it was the conduct of the plaintiff's manager and unforeseeable events that were the proximate causes of the plaintiff's damages, and that the defendants did not depart from the standard of care, concern disputed factual issues that are not properly raised and resolved on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7).

The documents submitted by the defendants on appeal, which were annexed to their brief, are not properly before this Court, as they were not submitted to the Supreme Court (*see* CPLR 5526; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]). Moreover, the defendants' arguments that relied upon these documents were improperly raised for the first time on appeal (*see Salierno v City of Mount Vernon*, 107 AD3d 971, 972 [2013]).

Accordingly, the defendants' motion to dismiss the complaint should have been denied. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.