■ DELFINA URIAS, Individually and as Guardian of the Person and Property of MANUEL URIAS, an Alleged Incapacitated Person, Appellant, v DANIEL P. BUTTAFUOCO & ASSOCIATES, PLLC, et al., Respondents. [992 NYS2d 552]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated November 14, 2012, as granted the motion of the defendant John Newman to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against him and those branches of the separate motion of the defendants Daniel P. Buttafuoco & Associates, PLLC, Daniel P. Buttafuoco, LLC, and Daniel P. Buttafuoco which were pursuant to CPLR 3211 (a) to dismiss the first through fifth causes of action insofar as asserted against them, and (2) so much of a judgment of the same court entered December 5, 2012, as, upon the order, is in favor of the defendant John Newman and against her dismissing the complaint insofar as asserted against that defendant and in favor of the defendants Daniel P. Buttafuoco & Associates, PLLC, Daniel P. Buttafuoco, LLC, and Daniel P. Buttafuoco

dismissing the first through fifth causes of action insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendant John Newman to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against him, and those branches of the separate motion of the defendants Daniel P. Buttafuoco & Associates, PLLC, Daniel P. Buttafuoco, LLC, and Daniel P. Buttafuoco which were pursuant to CPLR 3211 (a) to dismiss the first through fifth causes of action insofar as asserted against them are denied, the complaint is reinstated against the defendant John Newman, the first through fifth causes of action are reinstated against the defendants Daniel P. Buttafuoco & Associates, PLLC, Daniel P. Buttafuoco, LLC, and Daniel P. Buttafuoco, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, Delfina Urias, individually and as guardian of her husband, Manuel Urias, commenced a medical malpractice action against the health care professionals and providers responsible for treating him. The defendant Daniel P. Buttafuoco & Associates, PLLC (hereinafter the Buttafuoco Firm), represented the plaintiff in the underlying medical malpractice action. On April 2, 2009, shortly before the trial was to begin, the medical malpractice action was settled in open court for the sum of $3,700,000, and the liability was allocated among the various defendants in that action. On July 20, 2009, counsel for the parties to the medical malpractice action appeared before the Supreme Court, Suffolk County, in connection with a proposed change to the terms of the settlement. At that conference, the court, inter alia, approved the award of an attorney's fee to the Buttafuoco Firm in the sum of $864,552. To calculate the attorney's fee, the Buttafuoco Firm applied the "sliding scale" set forth in the retainer agreement and in Judiciary Law § 474-a (2) to each individual medical malpractice defendant's settlement amount, rather than the total settlement amount, which resulted in a larger attorney's fee for the Buttafuoco Firm. The Buttafuoco Firm later reduced its attorney's fee to $710,000.

Meanwhile, the plaintiff retained the defendant John Newman to represent her in a proceeding in the Supreme Court, Nassau County, to appoint a guardian on behalf of Manuel Urias and to obtain approval of the settlement in the medical malpractice action. The plaintiff complained to Newman about the manner in which the Buttafuoco Firm calculated its fee. Subsequently, Newman moved for approval of the medical malpractice settlement in the guardianship proceeding. In an order dated October 27, 2009, the Supreme Court, Nassau County, among other things, denied approval of the settlement and the attorney's fee, without prejudice to reconsideration, and directed that the issue of the Buttafuoco Firm's attorney's fee be revisited by the Supreme Court, Suffolk County. Newman then moved in the Supreme Court, Suffolk County, to confirm the amount of the attorney's fee awarded to the Buttafuoco Firm. In an order dated March 24, 2010, the Supreme Court, Suffolk County, formally approved the attorney's fee as previously calculated. Thereafter, in an order dated June 7, 2010, the Supreme Court, Nassau County, in the context of the guardianship proceeding before it, approved the settlement agreement and the attorney's fee awarded in the malpractice action.

In 2011, the plaintiff commenced the instant action against Newman, as well as the Buttafuoco Firm, the related law firm of Daniel P. Buttafuoco, LLC, and the Buttafuoco Firm's principal attorney, Daniel P. Buttafuoco (hereinafter collectively the Buttafuoco defendants), inter alia, to recover damages for legal malpractice. The Buttafuoco defendants and Newman separately moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against each of them.

"A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (*Mendelovitz v Cohen*, 37 AD3d 670, 670 [2007]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Here, the documentary evidence submitted by Newman, including his retainer agreement with the plaintiff, did not conclusively establish a defense as a matter of law (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d 587, 588 [2014]; *Harris v Barbera*, 96 AD3d 904, 905 [2012]).

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit

of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). "To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Rosenbaum v Sheresky Aronson Mayefsky & Sloan, LLP*, 100 AD3d 731, 732 [2012] [internal quotation marks omitted]; *see Sierra Holdings, LLC v Phillips, Weiner, Quinn, Artura & Cox*, 112 AD3d 909, 910 [2013]). Here, construing the complaint liberally, accepting the facts alleged in the complaint as true, and according the plaintiff the benefit of every possible favorable inference, as we are required to do, the plaintiff stated a cause of action to recover damages for legal malpractice against Newman and the Buttafuoco defendants (*see Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo*, 113 AD3d at 589; *Palmieri v Biggiani*, 108 AD3d 604, 608 [2013]). Newman's contention, in effect, that his failure to object to the attorney's fee awarded to the Buttafuoco Firm was not a proximate cause of the plaintiff's damages, and that he did not depart from the accepted standard of care, concern disputed factual issues that are not properly resolved on a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Moreover, the Buttafuoco defendants were not entitled to dismissal pursuant to CPLR 3211 (a) (5) on the ground of collateral estoppel. Generally, the award of an attorney's fee to an attorney necessarily establishes that there was no legal malpractice (*see Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534, 537 [2006]; *Siegel v Werner & Zaroff*, 270 AD2d 119, 120 [2000]). The Buttafuoco Firm established, prima facie (*see Plain v Vassar Bros. Hosp.*, 115 AD3d 922, 923 [2014]), that the issue of whether it committed legal malpractice was necessarily decided in its favor when it was awarded a fee in connection with its representation of the plaintiff in the underlying medical malpractice action (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Montoya v JL Astoria Sound, Inc.*, 92 AD3d 736, 738 [2012]). However, in opposition, the plaintiff raised a question of fact as to whether she was deprived of a full and fair opportunity to litigate the issue. Inasmuch as Newman moved, on behalf of the plaintiff, to confirm the amount of the attorney's fee awarded to the Buttafuoco Firm, and that relief was granted, had the plaintiff attempted to appeal from that order, her appeal would have been dismissed for

lack of aggrievement (*see* CLPR 5511; *Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]). Under these particular circumstances, where the plaintiff could not appeal, an issue of fact was raised as to whether she had a full and fair opportunity to litigate the issue of the alleged malpractice committed by the Buttafuoco Firm and, thus, whether she was collaterally estopped from asserting that the Buttafuoco defendants committed legal malpractice in obtaining judicial approval of the fee award (*see Davidov v Searles*, 84 AD3d 859, 860 [2011]).

The remaining contentions of the Buttafuoco Firm are without merit.

Accordingly, the Supreme Court should have denied Newman's motion to dismiss the complaint pursuant to CPLR 3211 (a) insofar as asserted against him, and those branches of the motion of the Buttafuoco defendants which were pursuant to CPLR 3211 (a) to dismiss the first through fifth causes of action insofar as asserted against them. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur. 