Sehgal v DiRaimondo (2018 NY Slip Op 06619)





Sehgal v DiRaimondo


2018 NY Slip Op 06619


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7228 155018/16

[*1]Sanjay Sehgal, et al., Plaintiffs-Appellants,
v
Michael DiRaimondo, et al., Defendants-Respondents.


Godosky & Gentile, P.C., New York (Robert E. Godosky of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City (Matthew J. Bizzaro of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered March 15, 2017, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, the motion denied as to plaintiffs' legal malpractice claim based on allegations that he traveled outside the United States in reliance on defendants' negligent legal advice as to the immigration consequences of his guilty plea, and otherwise affirmed, without costs.
Plaintiff, a lawful permanent resident of the United States since 1998, pled guilty in 2014 to certain violations of federal election laws and was sentenced to one year probation. He alleges that he separately sought advice from defendants, who are specialists in immigration law, concerning the immigration consequences of his plea. Defendants provided a legal memorandum in which they advised plaintiff that it was unlikely he would be deported as a result of his plea and that, if he were placed in removal proceedings, he could seek a waiver from inadmissibility. Plaintiff alleges that, in reliance on the advice, he pleaded guilty and later traveled abroad. Upon his return to the United States, plaintiff was detained, placed in removal proceedings, and incarcerated for approximately four months.
Defendants moved to dismiss pursuant to CPLR 3211(a)(1) and (7), arguing that plaintiff's guilty plea bars the malpractice claim and that actions taken by the attorney who represented plaintiff after he was detained may have been an intervening cause of plaintiff's prolonged detention. The motion court granted defendants' motion on the basis that plaintiff had terminated defendants' services before he pleaded guilty and retained other counsel, thus severing the chain of causation. Neither the allegations in the complaint (CPLR 3211[a][7]), nor the documentary evidence submitted by defendants in support of the motion (CPLR 3211[a][1]), support the motion court's conclusion that subsequent counsel, who was not retained until after plaintiff had already been detained, caused plaintiff's harm.
We affirm dismissal of part of the malpractice claim on alternative grounds. Plaintiff's claim that he pleaded guilty to criminal charges in reliance on defendants' negligent legal advice concerning the immigration consequences of the plea is barred by his guilty plea and lack of any claim of innocence (Carmel v Lunney, 70 NY2d 169, 173 [1987]; Yong Wang Park v Wolff & Samson, P.C., 56 AD3d 351 [1st Dept 2008], lv denied 12 NY3d 704 [2009]).
However, the policy underlying the rule established in Carmel v Lunney, supra, does not require dismissal of the entirety of plaintiff's legal malpractice claim, because the remainder of his claim that defendants failed to advise him of the potential immigration consequences of traveling outside the United States as a result of entering a guilty plea does not dispute the validity of his conviction (see generally Carmel v Lunney, supra; see also Bass & Ullman v Chanes, 185 AD2d 750 [1st Dept 1992]). Further, plaintiff's allegations that he relied on defendants' faulty legal advice concerning the immigration consequences of his guilty plea in deciding to travel abroad after he pled guilty, resulting in his being detained and subjected to removal proceedings, state a valid cause of action for legal malpractice. Defendants' other [*2]arguments present disputed factual issues concerning the standard of care and proximate cause that are not properly resolved on a motion to dismiss the complaint (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 120 AD3d 1339, 1343 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK