Dedaj v Berisha (2020 NY Slip Op 03893)





Dedaj v Berisha


2020 NY Slip Op 03893


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-08069
 (Index No. 710872/17)

[*1]Prel Dedaj, etc., et al., respondents,
v
Zef Berisha , et al., defendants, William . Decandido, P.C., appellant.


Housman & Associates, P.C., Tarrytown, NY (Mark E. Housman of counsel), for appellant.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Joshua D. Sussman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the defendant William V. Decandido, P.C., appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered May 11, 2018. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against, among others, the defendant William V. Decandido, P.C. (hereinafter the defendant), to recover damages for, inter alia, legal malpractice. The plaintiffs alleged that the defendant represented them in connection with their purchase of certain membership interests in the plaintiff Prime Steak, LLC, whose principal asset was a restaurant located in Astoria, Queens. The plaintiffs alleged that the membership interests had been owned by the defendants Zef Berisha, Freddy Marku, and Petrit Dema.
The defendant moved pursuant to CPLR 3211(a)(1), (3), and (7) to dismiss the complaint insofar as asserted against it. By order entered May 11, 2018, the Supreme Court denied the motion. The defendant appeals. We affirm.
On a motion to dismiss pursuant to CPLR 3211, the complaint is to be afforded a liberal construction and dismissal pursuant to CPLR 3211(a)(1) on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law (see Urias v Daniel P. Buttafuoco & Assoc., PLLC, 120 AD3d 1339, 1341; Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 589). To qualify as documentary evidence, the evidence " must be unambiguous and of undisputed authenticity'" (Anderson v Armentano, 139 AD3d 769, 771, quoting Fontanetta v John Doe 1, 73 AD3d 78, 86).
We agree with the Supreme Court's determination denying the defendant's motion to dismiss the complaint insofar as asserted against it to the extent that the motion was based upon CPLR 3211(a)(1). The documents proffered by the defendant did not utterly refute the plaintiffs' allegations or conclusively establish that there was no attorney-client relationship between the [*2]defendant and the plaintiffs (see Anderson v Armentano, 139 AD3d at 771; Mawere v Landau, 130 AD3d 986, 990).
We also agree with the Supreme Court's denial of the defendant's motion to dismiss the complaint insofar as asserted against it to the extent that the motion was made under CPLR 3211(a)(7). Where, as here, evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the allegations in the complaint, if true, are sufficient for the plaintiffs to establish a cause of action to recover damages for legal malpractice (see Mawere v Landau, 130 AD3d at 990; see also Sitar v Sitar, 50 AD3d 667, 669-670). The defendant's evidentiary submissions did not establish that a material fact alleged in the complaint is not a fact at all and that no significant dispute exists regarding it (see Lopez v Lozner & Mastropietro, P.C., 166 AD3d 871, 873; see also Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d at 589).
We also agree with the Supreme Court's determination denying that branch of the defendant's motion which was based upon CPLR 3211(a)(3) to dismiss the fourth cause of action insofar as asserted against the defendant for lack of standing (see General Obligations Law § 13-101; Greevy v Becker, Isserlis, Sullivan & Kurtz, 240 AD2d 539, 541). That cause of action, asserted by the plaintiff Prel Dedaj, as assignee of Arben Dedaj, alleges that the defendant engaged in legal malpractice with respect to Arben Dedaj.
DILLON, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court