Dunaif v Mikolay (2025 NY Slip Op 50638(U))

[*1]

Dunaif v Mikolay

2025 NY Slip Op 50638(U)

Decided on April 17, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 17, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., JERRY GARGUILO, GRETCHEN WALSH, JJ

2024-401 P C

Alexandra Dunaif, Appellant,
against
Lisa Mikolay, Respondent. 

Alexandra Dunaif, appellant pro se.
Lisa Mikolay, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Putnam Valley, Putnam County (Robert M. Nachamie, J.), entered April 30, 2024. The judgment dismissed the action.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for a trial.
Plaintiff commenced this small claims action to recover for damage to her property which she alleges was caused by defendant, whom plaintiff described as a "tenant." At the time scheduled for trial, the Justice Court (Robert M. Nachamie, J.) did not permit plaintiff to introduce any documentary or testimonial evidence; instead, after a brief colloquy, the court stated that it was dismissing the case for "lack of privity."
This case involves the boarding of an animal, and damages alleged to have been caused by that animal. Plaintiff's property damage claim is based on either tortious or contractual liability (or both), neither of which would be barred by "lack of privity" here, where there are no third parties involved. To the extent that the court was concerned about a lack of standing due to the damaged real property having since been sold, such subsequent sale does not prevent the claim from going forward. Plaintiff asserted damage to her property prior to the sale, which, absent an assignment of such claim (see e.g. Greevy v Becker, Isserlis, Sullivan & Kurtz, 240 AD2d 539 [1997]; Chang v Chang, 226 AD2d 316 [1996]), affords her standing (see e.g. Matter of Acevedo v New York State Dept. of Motor Vehs., 29 NY3d 202 [2017]; Constantine v Lutz, 204 AD3d 1328 [2022]).
In view of the foregoing, the dismissal of the action prior to the trial did not render substantial justice between the parties (see UJCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Justice Court for a trial.
GOLDBERG-VELAZQUEZ, J.P., GARGUILO and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 17, 2025