■ In the Matter of the Adoption of BABY BOY B. JANICE U., Appellant-Respondent; ADOPTIVE PARENTS, Respondents-Appellants.—Casey, J. P. Cross appeals from an order of the Family Court of Albany County (Tobin, J.), entered October 10, 1990, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, to vacate an order of adoption.

On a prior appeal, this court affirmed an order of Family Court which, after a hearing, denied petitioner's application to rescind an extrajudicial consent to the adoption of her child (163 AD2d 673, *lv denied* 76 NY2d 710). While that appeal was pending, this court had granted petitioner's motion for a stay "to the extent that the enforcement of any final order of adoption in this matter is stayed pending the outcome of this appeal". The order affirming Family Court's order was entered by this court on July 9, 1990 and petitioner was served with

notice of the order of affirmance on July 12, 1990. The following day, July 13, 1990, Family Court signed the order of adoption. Petitioner commenced this proceeding in August 1990 to vacate the order of adoption. Respondents cross-petitioned, seeking costs and sanctions pursuant to 22 NYCRR 130-1.1. Family Court dismissed the petition and cross petition, resulting in these cross appeals.

The stay issued by this court during the pendency of the prior appeal continued for five days after petitioner was served with notice of entry of our order (CPLR 5519 [e]). According to the terms of the stay, however, only enforcement of an order of adoption was stayed; nothing in the stay prevented Family Court from signing an order of adoption. Had petitioner moved for leave to appeal to the Court of Appeals within the five-day period following notice of entry of our order, the stay of enforcement would have continued during the pendency of the motion (CPLR 5519 [e]). In any event, since the stay did not prevent Family Court from signing an order of adoption and since petitioner was not entitled to notice after she was found to have validly consented to the adoption (Domestic Relations Law § 111 [3] [a]), we reject petitioner's contention that Family Court erred in signing the order while the stay was in effect without giving her notice.

We find no merit in petitioner's claim that the Family Court Judge should have recused herself because petitioner felt there was a lack of impartiality and requested the Judge to recuse herself on that ground. After reviewing the record, we find no basis for any claim of a lack of impartiality in Family Court's handling of this case.

Petitioner also contends that Family Court erred in refusing to grant a hearing on petitioner's claim that the order of adoption should be vacated due to newly discovered evidence (see, Domestic Relations Law § 114). We agree with Family Court, however, that the witness's testimony claimed to be newly discovered evidence was discoverable with due diligence at the time of the trial and that petitioner did not demonstrate that the testimony was likely to change the result of the trial.

As to the matter of costs or sanctions pursuant to 22 NYCRR 130-1.1, Family Court took into account the circumstances underlying petitioner's application and we see no abuse of discretion in the denial of respondents' request for costs or sanctions. We are of the view that despite our rejection of petitioner's arguments, petitioner's conduct in prose-

cuting the appeal is not such that the imposition of costs or sanctions on the appeal is warranted *(compare, Matter of Schulz v Washington County,* 157 AD2d 948, 949, *with Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 76 NY2d 411).

Weiss, Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.