■ JANICE BARTKOWSKI, Appellant, v MICHAEL FRIEDMAN, Respondent. [623 NYS2d 946] —Mercure, J. Appeal from an order of the Supreme Court (Brown, J.), entered November 5, 1993 in Saratoga County, which granted defendant's motion to dismiss the complaint.

Plaintiff brought this malpractice action to recover for damages flowing from defendant's allegedly negligent legal representation in connection with the private-placement adoption of a male child born to plaintiff on September 20, 1989. We agree with defendant that the ultimate factual issue raised in plaintiff's complaint was resolved against her in two prior Family Court proceedings *(Matter of Baby Boy B. [Janice U.],* 174 AD2d 808; *Matter of Baby Boy B. [Janice HH.],* 163

AD2d 673, *lv denied* 76 NY2d 710) and that her action is accordingly barred by the doctrine of collateral estoppel. We therefore affirm Supreme Court's order granting defendant's motion to dismiss the complaint.

In *Matter of Baby Boy B. (Janice HH.) (supra)*, this Court affirmed Family Court's determination that plaintiff failed to establish fraud, duress or coercion in the execution or inducement of the extrajudicial consent to the adoption of her child, affording appropriate deference to Family Court's consideration of the sharply contradictory testimony and resolution of the resulting credibility issue against plaintiff and in favor of defendant. In its lengthy written decision, Family Court specifically rejected plaintiff's claims that defendant advised her that she was consenting only to a 45-day "temporary guardianship" of the child, that her medical condition prevented her from exercising her free will, that her reasoning ability was impaired by prescription medication, that she failed to comprehend the legal significance of the instrument and that defendant "never told her that she was signing an irrevocable consent or that she had only 45 days within which to revoke the consent" *(supra,* at 674). To the contrary, Family Court credited defendant's testimony that plaintiff never expressed any opposition to the adoption, that he reviewed the papers with plaintiff, paragraph by paragraph, and explained the contents and effect of the extrajudicial consent, that he advised plaintiff of his willingness to assist her in the event she wanted to keep the baby and that it was at plaintiff's specific direction that he left no copies of the papers with her. In the second Family Court proceeding, plaintiff unsuccessfully asserted, *inter alia,* that defendant violated Social Services Law § 374 (6) by representing both her and the adoptive parents in connection with the adoption proceeding.

Contrary to plaintiff's contention, the essential underpinning for her present action is a factual issue that was presented, considered and resolved against her in the Family Court proceedings, i.e., whether defendant faithfully discharged his responsibility of providing her with competent, independent legal counsel by fully advising her of the legal effect of the extrajudicial consent to adoption and her rights and liabilities thereunder, including her right to revoke the consent within 45 days of its execution and the fact that it would be thereafter irrevocable *(see,* Domestic Relations Law § 115-b). The fact that the issue arises within an entirely distinct cause of action, although relevant to res judicata analysis, is no impediment to a finding of collateral estoppel

*(see, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306-307; Siegel, NY Prac § 457 [2d ed]). Rather, with collateral estoppel, the proper focus is on the questions of whether there is an identity of issue and whether plaintiff had a full and fair opportunity to litigate the issue *(see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664). In our view, both elements have been established here.

In view of our determination that collateral estoppel bars plaintiff's action, we need not consider defendant's remaining contentions.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.