*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 10, 2016                521172
_____

TOWN OF FORT ANN,

                    Appellant,

        v                                   MEMORANDUM AND ORDER

LIBERTY MUTUAL INSURANCE
    COMPANY,

                    Respondent.
_____


Calendar Date:  January 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.


_____


        Horigan, Horigan & Lombardo, PC, Amsterdam (Peter M.
Califano of counsel), for appellant.

        Mauro Lilling Naparty, LLP, Woodbury (Anthony L. DeStefano
of counsel), for respondent.


_____


McCarthy, J.P.

        Appeal from an order of the Supreme Court (Krogmann, J.),
entered January 6, 2015 in Washington County, which granted
defendant's motion to dismiss the amended complaint.

        The underlying facts related to this litigation are more
fully addressed in previous decisions by this court (Hosmer v
Kubricky Constr. Corp., 88 AD3d 1234 [2011], lv dismissed 19 NY3d
839 [2012]; Town of Fort Ann v Liberty Mut. Ins. Co., 69 AD3d
1261 [2010]; Alaimo v Town of Fort Ann, 63 AD3d 1481 [2009]).
Plaintiff is the owner of a pond within which a dam failed,
causing flooding.  Defendant had issued an insurance policy in
relation to construction on that dam.  Eventually, after
defendant had exhausted the relevant insurance coverage amount

settling damages claims of property owners related to the flooding, plaintiff released defendant from all claims except for those specified in a complaint that was attached to that agreement and except for those claims that were the subject of a motion pending in an Albany County action. That same day, plaintiff initiated this action by complaint identical to that attached to the agreement and seeking a declaratory judgment that it was entitled to coverage and indemnification from defendant related to the dam's failure. Eventually, however, plaintiff amended that complaint – so that it no longer was identical to the one referenced in the release – by adding a cause of action that defendant acted in bad faith by exhausting the insurance policy and seeking indemnification beyond the policy limit. Thereafter, Supreme Court granted defendant's motion to dismiss the amended complaint. Plaintiff appeals.

We agree with defendant that, even if plaintiff did not waive its right to add the bad faith cause of action,[1] the previous order and judgment by Supreme Court (O'Connor, J.) in the Albany County action has a collateral estoppel effect. "[C]ollateral estoppel precludes a party from relitigating an issue when it was clearly raised in a prior action . . . and decided against that party in a final judgment on the merits after a full and fair opportunity to be heard" (Clark v Farmers New Century Ins. Co., 117 AD3d 1208, 1209 [2014], lv denied 23 NY3d 991 [2014]; see Conason v Megan Holding, LLC, 25 NY3d 1, 17 [2015]; State of New York v Zurich Am. Ins. Co., 106 AD3d 1222, 1223 [2013]). Accordingly, our review "focus[es] on the questions of whether there is an identity of issue and whether plaintiff had a full and fair opportunity to litigate the issue" (Bartkowski v Friedman, 213 AD2d 873, 875 [1995]; see generally Matter of Dunn, 24 NY3d 699, 704 [2015]).

Defendant submitted proof that, in the Albany County action, plaintiff had, among other things, sought indemnification from defendant for all of plaintiff's costs related to the

---

[1] Plaintiff contends that because the bad faith claim was a part of the pending motion that was specified in the release, it did not waive its right to raise that issue in this action.

flooding, including costs beyond the policy limit.  In that action, Supreme Court (O'Connor, J.) partially granted defendant's motion for summary judgment, finding that defendant owed plaintiff no further obligation and specifically rejecting "plaintiff[']s . . . claim of bad faith" seeking liability by defendant beyond the insurance policy limit.  Plaintiff attempts to relitigate that identical issue here, after having a full and fair opportunity to do so previously.  Accordingly, defendant established that collateral estoppel applies (see Bartkowski v Friedman, 213 AD2d at 875; see generally Montoya v JL Astoria Sound, Inc., 92 AD3d 736, 738 [2012]).

Garry, Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court