Saperia S. v Administration for Children Servs. (2026 NY Slip Op 50011(U))

[*1]

Saperia S. v Administration for Children Servs.

2026 NY Slip Op 50011(U)

Decided on January 8, 2026

Supreme Court, Queens County

Dunn, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Supreme Court, Queens County

Saperia S., A. C., and K. W., Plaintiffs,

againstAdministration for Children Services and REINA LONDONO, Defendants.

Index No. 712624/2025

For the Plaintiff:Saperia S., Pro SeFor the Defendants:Corporation Counsel of the City of New York100 Church StreetNew York, NY 10007By: Jaimini Vyas, Esq.

Scott Dunn, J.

The e-filed papers bearing NYSCEF Doc. Nos. 8-11 and 13-26, were read on the motions of the Plaintiffs for an Order seeking, inter alia, the "immediate release" and return of Plaintiff Saperia S.' minor children (A. C. "AC" and K. W. "KW") and money damages, and on the cross-motion of the Defendants for dismissal of the amended complaint pursuant to CPLR 3211.
I. Background
Plaintiff Saperia S. ("Saperia"), proceeding pro se, commenced this action by summons and complaint on May 1, 2025. A supplemental summons and amended complaint were filed on June 6, 2025 (the "Complaint"). In the Complaint, Saperia alleges that AC (her 15-year-old daughter) and KW (her 10-year old daughter) were improperly removed from her home by Defendant Administration for Children Services ("ACS") (see Doc. No. 6). Saperia seeks the return of her children and damages of $500,000 against ACS and Defendant Reina Londono ("Londono") for her actions taken as an ACS caseworker (see Doc. No. 6).
As relevant here, ACS commenced child removal proceedings against Saperia under Article 10 of the Family Court Act by filing a petition in Family Court, Queens County. By Order dated April 14, 2025, the Honorable Emily Ruben of the Family Court found, after having held a preliminary hearing pursuant to Section 1027 of the Family Court Act, that Saperia "hit the child [KW] with a broom, causing a large bruise about the size of a tennis ball" and that KW's sister AC "reported she saw the incident." (Id.). The Court further found, inter alia, that "[t]he mother admitted to it and stated she will continue beating the children" (Id.). Based on these, and other findings, the Family Court ordered the "[r]elease [of] the subject child, [KW], to that child's non-respondent father, Charles [W.], under ACS supervision and the child, [AC], is temporarily directly placed with her Paternal Grandmother, Felicia [C.] . . . , under ACS supervision" (id., p. 64) and issued an Order of Protection (id., p. 65). Further, on July 22, 2025, Justice Monica D. Shulman of the Family Court, Queens County, denied Saperia' application for a "1028 hearing" and the "immediate release" of her children finding that "the children are at imminent risk of harm and that no orders could be put in place to mitigate the risk of harm given the mother's refusal to participate in services" (see Doc. No. 6, p. 77 and Doc. No. 15, p. 6). 
On a July 14, 2025, the Plaintiffs filed a motion in this action seeking an Order granting the relief sought in the Complaint. On July 22, 2025, the Plaintiffs filed an amended motion seeking the same or substantially the same relief (Seq. No. 1). On October 1, 2025, the Plaintiffs filed another motion seeking the same or substantially the same relief (Seq. No. 2). On October 6, 2025, the Defendants filed opposition to the motions and a cross-motion for dismissal of the Complaint pursuant to CPLR 3211.
II. Discussion
The Plaintiffs commenced this action against ACS, an agency of the City of New York and against one of its caseworkers. As a preliminary matter, Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." This provision has been interpreted to apply to suits seeking both monetary and injunctive relief (see Elisa W. v City of NY, 2016 US Dist LEXIS 123332 [SDNY Sep. 12, 2016] [see cases cited therein]). Moreover, Courts have consistently found that Section 396 means that individual New York City agencies are not "suable" entities unless specified by law (see Stennett v NY City Admin. for Child's Servs. ACS, 2023 US Dist LEXIS 212422, at *6 [EDNY Nov. 29, 2023]; H.B. v Brookdale Hosp., 2022 US Dist LEXIS 221559, at *5 [EDNY Dec. 7, 2022]; Pimentel v. City of New York, 2000 US Dist LEXIS 15395, at *5 [SDNY Oct. 23, 2000]; Elisa W. v City of NY, 2016 US Dist LEXIS 123332, at *26 [SDNY Sep. 12, 2016]; Worrell v. City of New York, 2014 U.S. Dist. LEXIS 39794, at *8 [EDNY Mar. 24, 2014]). Accordingly, the Complaint cannot proceed against the city agency Defendant ACS and defendant Londono—ACS' caseworker (see Elisa W. v City of NY, 2016 US Dist LEXIS 123332, at *28 [SDNY Sep. 12, 2016] [dismissing claims against ACS and the commissioner of ACS because the ACS is not "suable" under Section 396]; Worrell v. City of New York, 2014 US Dist LEXIS 39794, at *8 [EDNY Mar. 24, 2014] [finding "ACS is not a suable entity, and claims against ACS workers in their official capacities are deemed to be claims against ACS"]; H.B. v Brookdale Hosp., 2022 US Dist LEXIS 221559, at *5 [EDNY Dec. 7, 2022] [dismissing [*2]claims against ACS "because it is not a suable entity"]; Pimentel v City of NY, 2000 US Dist LEXIS 15395, at *6 [SDNY Oct. 19, 2000] [dismissing clams against ACS since "the ACS is a City agency, and because it has not been authorized as a suable entity by law, it is not a proper party to this action"]; Ampratwum v. City of New York, 2013 U.S. Dist. LEXIS 67025, at *19 [SDNY May 9, 2013] [dismissing claims against ACS because "ACS is not a suable entity"]).
Even if the Court were to consider the Defendants as suable parties, the Complaint must still be dismissed as barred by the principles of collateral estoppel. Here, the Complaint, in essence, impermissibly seeks to collaterally attack the Family Court Orders and seeks for this Court to overturn those Orders. Therefore, the Complaint is barred by the doctrine of collateral estoppel (see Dinerman v City of NY Admin. for Children's Servs., 24 Misc 3d 1224[A] [Sup Ct, Kings County 2007] [dismissing claims against the ACS defendants because "plaintiffs are barred by the principles of collateral estoppel from re-litigating the determination made by the Family Court by bringing these claims against ACS"]; see also Bartkowski v Friedman, 213 AD2d 873, 874 [3d Dept 1995] ["the ultimate factual issue raised in plaintiff's complaint was resolved against her in two prior Family Court proceedings . . . and that her action is accordingly barred by the doctrine of collateral estoppel"]; Matter of Keicher v Scheifla, 129 AD3d 1500, 1500 [4th Dept 2015]; Jacob v. Garrido, 2018 WL 1638799 [Sup Ct, New York County Apr. 5, 2018]). Indeed, the proper forum for the Plaintiffs to seek relief from the Family Court Orders is the Family Court and on appeal to the Appellate Division (see Family Ct Act § 115 ["Jurisdiction of family court"]; Family Ct Act § 1111 ["Appeals to appellate division"]).
Finally, the Plaintiffs' claims are not actionable against the Defendants who are protected from liability against their discretionary acts made in their governmental capacity (see Albino v New York City Hous. Auth., 78 AD3d 485, 489 [1st Dept 2010] [affirming dismissal of claims against ACS because even if "defendants were negligent in investigating instances of child abuse, that claim is not actionable due to the statutory immunity provided in Social Services Law § 419"]; Hines v The City of New York, 2014 NY Slip Op. 33094[U] [Sup Ct, Queens County 2014], affd, 142 AD3d 586 [2d Dept 2016] [dismissing claims against ACS "since the manner of performing the investigation and the conclusions and determination made were discretionary acts of the ACS caseworkers involving their judgment, they may not form the basis of liability, even if the caseworkers were negligent"]; Michael N. v Montgomery County Dept. of Social Services, 78 Misc 3d 171, 198-200 [Sup Ct, Montgomery County 2022]; Schweitzer v Crofton, 935 F Supp 2d 527, 549 [EDNY 2013]).
In light of the foregoing, the Court need not reach the Defendants' remaining contentions for dismissal.
III. Conclusion
Based on the foregoing, it is hereby:
ORDERED that the Plaintiffs' motions (Seq. No. 1 and 2) are denied, and it is further,
ORDERED that the Defendants' cross-motion is granted and the Complaint is dismissed.
This constitutes the Decision and Order of the Court.
Dated: January 8, 2026Long Island City, New YorkSCOTT DUNN, J.S.C.